# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BILLY CEPERO,

                Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

                Defendants.

Case No. 2:11-cv-01421-GMN-GWF

**ORDER AND REPORT AND RECOMMENDATION**

Application to Proceed In Forma Pauperis (#5) and Screening of Complaint

This matter is before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#5), filed on September 20, 2011.

## BACKGROUND

Plaintiff, a pro se litigant who is currently incarcerated, brings this action against Sheriff Douglas Gillespie and twenty other individual Las Vegas Metropolitan Police Department (LVMPD) officers pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the LVMPD Rope detectives harassed and threatened his friends and family for a month prior to the officers locating the Plaintiff. On August 26, 2009, LVMPD located the Plaintiff. Plaintiff alleges that when SWAT found him, he was in his boxer shorts lying on his stomach on the bathroom floor. Plaintiff claims that he was punched, kicked, and hit with a canister until he fainted. Plaintiff alleges that he was then taken to the UMC Emergency Unit because of the severity of his injuries. Plaintiff's injuries required several stitches on his face and inside his mouth and his nose had to be "pulled out of" his face. Further, Plaintiff claims that his right shoulder was broken, which required surgery. Based on these facts, Plaintiff alleges excessive use of force in Count I of his Complaint.

. . .

In Count II, Plaintiff alleges assault and battery. Plaintiff alleges that the Rope detectives harassed Plaintiff's friends and family in an attempt to find the Plaintiff. Specifically, Plaintiff claims that the detectives pulled his mother over several times and informed his friends and family that they would shoot Plaintiff on site if Plaintiff attempted to run from them. Further, during his arrest, Plaintiff claims that SWAT team members beat him despite the fact that he was not resisting arrest.

In Count III, Plaintiff alleges emotional and physical injuries. Plaintiff claims that all Defendants except Douglas Gillespie and Bill Cassell are responsible for verbal threats against his life, safety and well-being. Plaintiff alleges that the Defendants made good on their threats when they made contact with him. As a result of their actions, Plaintiff suffered several lacerations over his body, a damaged nose which the doctors had to pull out, and a broken shoulder which required surgery and four screws to hold it in place. Plaintiff further alleges that his right arm remains incapacitated to this day. Also, Plaintiff claims that his friends and family suffered emotional injury as a result of Defendants' actions.

In Count IV, Plaintiff alleges cruel and unusual punishment. Plaintiff claims that several of the Defendants were responsible for the unnecessary and wanton infliction of pain. Plaintiff alleges that he has permanent injuries as a result of Defendants' unjust actions.

In Count V, Plaintiff alleges negligence. Plaintiff claims that the Sheriff Douglas Gillespie, Bill Cassell, Lt. Flynn, and Sgt. Leveque failed to uphold their duty to keep Plaintiff safe and therefore, as a supervisor, they are responsible for the individual Defendants' conduct. Plaintiff alleges that they allowed and directed other participating members to proceed with abusive and harmful tactics against Plaintiff, knowingly and with indifference. Plaintiff further claims that these individuals are misinforming the public and promoting unethical behavior. Plaintiff alleges these Defendants breached their official duty and violated department policy.

As a result, Plaintiff is requesting compensatory damages against all Defendants jointly and severally; punitive damages against each Defendant; an injunction against all Defendants; a declaration of acts and omissions; a jury trial and all issues submitted to the jury; Plaintiff's costs in bringing this suit; and additional relief the Court deems just, proper and equitable.

. . .

In Counts I through IV, Plaintiff only identifies Defendants J. Bonkavich, M. Fowler, and W. Marx as the individuals likely responsible for kicking and punching him upon his arrest. Plaintiff obtained those officers' names from the police report that was completed after Plaintiff's arrest. Plaintiff however names approximately twenty police officers as Defendants who may be responsible, stating that "Rope and SWAT members of the LVMPD could be involved since there [are] more than 3 SWAT members per team, but I fainted, I was facing down upon their entry and they [were] wear[ing] masks." At this point, Plaintiff does not know which of the named-Defendants are responsible for the above actions.

## DISCUSSION

**I.     In Forma Pauperis Application**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee and Plaintiff's request to proceed in forma pauperis will be granted.

**II.    Screening of the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen the complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from an individual who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be dismissed as frivolous where it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim

is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material facts stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A.    **Count I**

In Count I, Plaintiff brings a claim for excessive use of force. All claims that law enforcement officers used excessive force, either deadly or non-deadly, in the course of an arrest, investigatory stop, or other seizure of a citizen are to be analyzed under the Fourth Amendment and its standard of objective reasonableness. *See Long v. City and County of Honolulu*, 511 F.3d 901, 906 (9th Cir.2007); *see also Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865 (1989). The pertinent question in an excessive force case is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397; *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir.2007). The

analysis of whether a specific use of force was reasonable "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham*, 490 U.S. at 396; *Blankenhorn*, 485 F.3d at 477; *Davis v. City of Las Vegas*, 478 F.3d 1048, 1054 (9th Cir.2007).

"We first assess the quantum of force used to arrest [the plaintiff]" and then "measure the governmental interests at stake by evaluating a range of factors." *Davis*, 478 F.3d at 1054. Factors that are considered in assessing the government interests at stake include, but are not limited to, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; *Blankenhorn*, 485 F.3d at 477; *Davis*, 478 F.3d at 1054. Further, where it is or should be apparent that an individual is emotionally or mentally unstable, that is a factor that must be considered in determining the reasonableness of the force employed. *See Drummond*, 343 F.3d at 1058. "In some cases ..., the availability of alternative methods of capturing or subduing a suspect may be a factor to consider." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir.2005). However, police officers "are not required to use the least intrusive degree of force possible" as long as the force actually used was reasonable. *Forrester v. City of San Diego*, 25 F.3d 804, 807 (9th Cir.1994); *see Gregory v. County of Maui*, 523 F.3d 1103, 1107 (9th Cir.2008).

Reasonableness "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396; *Drummond*, 343 F.3d at 1058. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396–97; *Drummond*, 343 F.3d at 1058. Since "[n]ot every push or shove, even if it may seem unnecessary in the peace of the judge's chambers, ... violates the Fourth Amendment," *Graham*, 490 U.S. at 396, "[n]either tackling nor punching a suspect to make an arrest necessarily constitutes excessive force." *Blankenhorn*, 485 F.3d at 477. "Force is excessive when it is greater than is reasonable under the circumstances." *Santos v. Gates*, 287 F.3d 846, 854 (9th Cir.2002). When the circumstances show that there is no need for force, any force used is constitutionally unreasonable. *See*

*Fontana v. Haskin*, 262 F.3d 871, 880 (9th Cir.2001); *see also Motley v. Parks*, 432 F.3d 1072, 1089 (9th Cir.2005).

In screening Plaintiff's claim of excessive force, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir.1996). Plaintiff alleges that he was lying face down on the floor in his boxer shorts with no weapon when the Defendants arrived at his house. Upon locating Plaintiff, Defendants kicked, punched, and hit him with a canister. Defendant claims that he never resisted or tried to run from the officers, but was simply lying on the floor, face-down during the entire incident.

Considering all factual allegations in the light most favorable to the plaintiff, the Court finds that Plaintiff has stated a viable claim for excessive use of force under the Fourth Amendment. A reasonable officer at the time of the arrest would recognize that repeatedly punching and kicking a suspect who was not resisting arrest while using force that resulted in lacerations requiring stitches, a dislocated nose and a broken shoulder constitutes excessive force for effecting an arrest. Therefore, the Court finds that Plaintiff has stated a viable claim for excessive force and will allow Plaintiff to proceed with this claim. At this time, the Court finds it reasonable to allow Plaintiff to pursue this claim against all the named-Defendants except Defendants Sheriff Douglas Gillespie and Bill Cassell. Considering the circumstances alleged, it is understandable that Plaintiff cannot identify the officers responsible for the alleged conduct. As more facts come out during discovery, the individuals involved will become known, and Defendants can move to dismiss all other named-Defendants.

**B.      Count II**

Plaintiff alleges a claim of assault and battery against Defendants. Assault and battery are causes of action under state law and § 1983 does not provide for such. *See Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007). A federal court however may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). This court therefore can exercise supplemental jurisdiction over Plaintiff's state law claims because they arise from the same "nucleus of operative fact"-namely, Plaintiff's arrest. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

"To establish an assault claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such contact." Restatement (Second) of Torts § 21 (1965); *Burns v. Mayer*, 175 F.Supp.2d 1259, 1270 (D.Nev.2001). "Words do not make the actor liable for assault unless together with other acts or circumstances they put the other in reasonable apprehension of an imminent harmful or offensive contact with his person." Restatement (Second) Torts § 31; *see also Anstedt v. State*, 509 P.2d 968, 969 (1973) ( "Mere menace is not enough. There must be an effort to carry the intention into execution."). There must also be a threat of imminent harm. *See Brower v. Ackerley*, 943 P.2d 1141, 1145 (Wash.Ct.App.1997); *see also* Restatement (Second) Torts § 29, comment b ("The apprehension created must be one of imminent contact, as distinguished from any contact in the future.... It means ... that there will be no significant delay."). There is no liability when an act is "a step toward the infliction of future contact." Restatement (Second) Torts § 29(2). Additionally, "[t]o establish a battery claim, a plaintiff must show that the actor (1) intended to cause harmful or offensive contact, and (2) offensive contact occurred." Restatement (Second) of Torts §§ 13, 18 (1965); *Burns*, 175 F.Supp.2d at 1270.

Here, Plaintiff alleges that several of the Defendants made threats to his mother and other family and friends for approximately a month prior to his arrest stating that they would shoot him on site if he ran from them. These statements do not constitute an assault because Plaintiff pleads no facts to support that these words put him in imminent apprehension of physical harm. These words were not spoken to the Plaintiff, but rather his family and friends, and further, these threats occurred within the month prior to Plaintiff's arrest, negating any alleged apprehension of imminent harm. Plaintiff therefore will not be allowed to allege assault based on threats made to his family and friends. Plaintiff also alleges a claim of assault and battery based on Defendants' conduct at the time of his arrest. Plaintiff claims that Defendants repeatedly kicked and punched him causing several injuries. Taking these facts as true and construing them in the light most favorable to Plaintiff, the Court finds that Plaintiff has pled sufficient facts to bring a claim for assault and battery only concerning the facts and circumstances surrounding Plaintiff's arrest. The Court will allow Plaintiff to pursue this claim against all Defendants except Sheriff Douglas Gillespie and Bill Cassell.

. . .

**C.     Count III**

In Count III, Plaintiff alleges an emotional and physical injuries claim. Plaintiff alleges that the verbal threats against his life, safety and well-being along with the physical assault resulted in emotional and physical injuries. Emotional and physical injury however is not a cause of action. Rather, the extent of Plaintiff's injuries reveal that amount of damages Plaintiff sustained.

Affording Plaintiff the benefit of the Court, Plaintiff could conceivably be alleging a claim of intentional infliction of emotional distress. An intentional infliction of emotional distress (IIED) claim requires that: (1) the defendant engaged in extreme and outrageous conduct with the intent of causing emotional distress or with reckless disregard for the plaintiff's emotional distress; (2) the plaintiff suffered severe or extreme emotional distress as a result; and (3) the defendant's actions were the proximate cause of plaintiff's emotional distress. *Jordan v. State*, 110 P.3d 30, 52 (2005). The test of whether particular acts are sufficiently outrageous is objective, not subjective. *See Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (1998). A claim for intentional infliction of emotional distress operates on a continuum: the less extreme the outrage, the greater the need for evidence of physical injury or illness from the emotional distress. *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 462 (1993) (quoting *Nelson v. City of Las Vegas*, 665 P.2d 1141, 1145 (1983)). At the ends of this spectrum, conduct is extreme or outrageous if it is atrocious, beyond all possible bounds of decency, and utterly intolerable, *Churchill v. Barach*, 863 F.Supp. 1266, 1275 (D.Nev.1994), and emotional distress is severe if it is so intense that no reasonable person could be expected to endure it. *Alam v. Reno Hilton Corp.*, 819 F.Supp. 905, 911 (D.Nev.1993).

Conceivably, Plaintiff could also be attempting to allege a claim for negligent infliction of emotional distress. The Court will therefore grant Plaintiff leave to amend Count III of his complaint to allege facts sufficient to state a claim upon which relief may be granted. Plaintiff's failure to amend Count III will result in its dismissal.

**D.     Count IV**

Plaintiffs' fourth cause of action asserts a claim for cruel and unusual punishment under the Eighth Amendment. However, "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions ... [T]he

State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–72 n. 40 (1977)). The Eighth amendment has no application here because Plaintiff does not allege a formal adjudication of guilt prior to Defendants actions. Furthermore, claims that law enforcement officers have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. *Graham*, 490 U.S. at 395. Plaintiff's first cause of action sufficiently alleges a claim under such analysis. Accordingly, the Court recommends that any Eighth Amendment violation claims be dismissed with prejudice.

### E. Count V

Finally, Plaintiff brings a claim of negligence against the four supervisory Defendants. Liability under 42 U.S.C. § 1983 arises only upon a showing of personal participation by the defendant in the alleged constitutional deprivation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989). A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Id.* Additionally, it is well established that there is no respondent superior liability under § 1983. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir.1984). Absent an official's participation or direction in the violation of a plaintiff's constitutional rights, he cannot be held personally liable in an individual-capacity suit under section 1983. *Ybarra*, 723 F.2d at 680. Thus, "to succeed on a cause of action under section 1983, the plaintiff must prove the defendant[s] [were] the cause in fact and the proximate cause of plaintiff's injuries." *Kraft v. Jackson*, 669 F.Supp. 333, 339 (D.Nev. 1987), aff'd, 872 F.2d 862 (9th Cir.1989).

Here, Plaintiff alleges that Sheriff Douglas Gillespie, Bill Cassell, Lt. Flynn, and Sgt. Leveque failed to uphold their duty to keep Plaintiff safe and therefore, as supervisors, they are responsible for the individual Defendants' conduct. It appears as though Plaintiff is attempting to bring a negligence claim under the doctrine of respondent superior. Under § 1983, it is well established that there is no respondent superior liability. *Ybarra*, 723 F.2d at 680. Plaintiff states that these Defendants allowed and directed the other Defendants knowingly and with indifference. Plaintiff however fails to plead

facts that show that each of these Defendants knew and directed the other individual Defendants' conduct. Without facts to support that these supervisors participated in or directed the violations, or knew of the violations and failed to act to prevent them in regards to Plaintiff's incident, Plaintiff's claim against Sheriff Douglas Gillespie, Bill Cassell, Lt. Flynn, and Sgt. Leveque fails to state a claim upon which relief may be granted. The Court however will grant Plaintiff leave to amend his claim against these four Defendants to allege facts in accordance with the above discussion. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis is **granted**. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting forma pauperis status shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #94730), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that the following claims may go forward: Count I alleging excessive use of force and Count II alleging assault and battery.

**IT IS FURTHER ORDERED** that Counts III and V shall be dismissed with leave to amend. If Plaintiff wishes to correct the noted deficiencies, Plaintiff shall have until **December 9, 2011** to submit his amended complaint which will then be subject to additional screening pursuant to 28 U.S.C. § 1915A. Failure to submit an amended complaint will result in dismissal of Counts III and V.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall retain the Complaint until **December 9, 2011.** If Plaintiff fails to file an amended complaint, the Clerk of the Court shall file

1  Plaintiff's Complaint (#1-1).

2      **IT IS FURTHER ORDERED** that after the complaint is filed, the clerk shall add Catherine
3  Cortez Masto, Attorney General for the State of Nevada as counsel for Defendants.  The Clerk shall
4  electronically serve Defendants with a copy of this order and the complaint.  The Attorney General shall
5  advise the Court within twenty (20) days from the date that of service whether service for process for
6  the named Defendants is accepted.  If the Attorney General accepts service of process for any of the
7  Defendants, such Defendant shall file and serve an answer or other response to the complaint within
8  thirty (30) days of the date of the notice of acceptance of service. If service cannot be accepted for any
9  of the named Defendants, then Plaintiff will need to file a motion identifying the unserved
10 Defendant(s), requesting the issuance of a summons, and specifying the full name and address for said
11 Defendant(s).  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be
12 accomplished within on hundred and twenty (120) days from the date that the complaint is filed.

13     **IT IS FURTHER ORDERED** that upon the filing of the complaint, Plaintiff shall serve upon
14 Defendants or, if appearance has been entered by counsel, upon the attorney(s), a copy of every
15 pleading, motion or other document submitted for consideration by the Court.  Plaintiff shall include
16 with the original paper submitted for filing a certificate stating the date that a true and correct copy of
17 the document was mailed to the Defendants or counsel for the Defendants.  The Court may disregard
18 any paper received by a district judge or magistrate judge which has not been filed with the clerk, and
19 any paper received by a district judge or magistrate judge or the clerk which fails to include a certificate
20 of service.

## RECOMMENDATION

23     **IT IS HEREBY RECOMMENDED** that Count IV be dismissed with prejudice because it fails
24 to state a claim upon which relief can be granted.

## NOTICE

26     Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in
27 writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held
28 that the courts of appeal may determine that an appeal has been waived due to the failure to file

objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of November, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge