UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BILLY CEPERO,               )<br>                                           )<br>              Plaintiff,        )<br>    vs.                               )<br>                                           )<br>DOUGLAS GILLESPIE, et al., )<br>                                           )<br>              Defendants.    )<br>                                           ) | Case No.: 2:11-cv-01421-GMN-GWF<br><br>**ORDER** |

Before the Court is the Honorable Magistrate Judge George Foley, Jr.'s Report and Recommendation on pro se Plaintiff Billy Cepero's Application to Proceed in Forma Pauperis (ECF No. 5). Plaintiff filed an Objection to the Magistrate Judge's Recommendation that Count IV of Plaintiff's Complaint be dismissed with prejudice. (ECF No. 9.)

**I.     BACKGROUND**

Pursuant to 28 U.S.C. § 1915(a), Plaintiff, who is currently incarcerated, filed this action and attached a financial affidavit to his application. Plaintiff brings this action against Sheriff Douglas Gillespie and twenty (20) other individual Las Vegas Metropolitan Police Department ("LVMPD") officers pursuant to 42 U.S.C. § 1983. The facts relevant to Plaintiff's objection stem from his arrest on August 26, 2009, in which the LVMPD SWAT team found and arrested him. At the time of his arrest, Plaintiff alleges that he was in his boxer shorts, lying on his stomach on the bathroom floor, while he was punched, kicked and hit with a canister until he fainted. Plaintiff claims that his injuries were so severe that he required several stitches in his face and shoulder surgery. Plaintiff alleges excessive use of force in Count I of his Complaint, and cruel and unusual punishment in Count IV of his Complaint.

## II. LEGAL STANDARD

Civil complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity must be screened. 28 U.S. C. § 1915A(a).  Any portion of a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief" must be dismissed. 28 U.S.C. § 1915A(b).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Where a party has filed timely objections, this Court reviews *de novo* the parts to which an objection was made. *Id*; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## III. DISCUSSION

Count IV of Plaintiff's Complaint alleges cruel and unusual punishment.  Plaintiff states that seventeen (17) of the twenty-one (21) named Defendants "were involve[d in] the infliction of pain wantonly and unnecessar[ily]."  He recites the injuries he received upon his arrest and the medical treatments that were subsequently required.  He alleges that these injuries are permanent and unjust, and that they are all due to the actions of Defendants even though he posed no harm.

The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment.  The United States Supreme Court has explained that "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions… [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (quoting *Ingraham v. Wright*, 430 U.S. 651, 671-72 n.40 (1977)).

Here, Plaintiff does not allege a formal adjudication of guilt prior to Defendants' actions. Furthermore, claims that law enforcement officers used excessive force in the course of an arrest are analyzed under the Fourth Amendment's "reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Accordingly, and because Plaintiff's cause of action in Count IV is substantively identical to his cause of action in Count I, the Magistrate Judge recommends that Plaintiff's claims in Count IV be dismissed with prejudice.

Plaintiff responds that "[e]ven though no state prosecution nor an adjudication of guilt has been secure[d], it's an appropriate claim, part and on its own 'when an official(s) is responsible for <u>unnecessary</u> and <u>wanton</u> infliction of pain, the Eighth Amendment has been violated." Plaintiff cites no legal support for this contention.

After full consideration of Plaintiff's objection, the Court is satisfied that the Magistrate Judge's ruling is nevertheless correct. The Court accepts the Magistrate Judge's Report and Recommendation.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Magistrate Judge George Foley, Jr.'s Report and Recommendation (ECF No. 9) is **ACCEPTED**.

DATED this 19th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge