# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BILLY CEPERO,                    )
                                 )
                    Plaintiff,   )        Case No. 2:11-cv-01421-GMN-GWF
                                 )
vs.                              )        **ORDER**
                                 )
LAS VEGAS METROPOLITAN POLICE    )        Motion to Introduce Exhibits (#53)
DEPARTMENT, *et al.,*            )
                                 )        Motion to Stay Discovery (#54)
                    Defendants.  )
_____  )

    This matter comes before the Court Plaintiff's Motion to Introduce Letters of Declaration and Exhibits (#53), filed on July 30, 2012 and Defendants' Motion to Stay (#54), filed on July 30, 2012. Neither party filed an opposition to the other parties' motion.

**I.**    **Plaintiff's Motion (#53).**

    Plaintiff requests the Court allow him to introduce photographs, X-rays and letters of declaration in support of his Complaint. The Court is unclear exactly what relief Plaintiff is requesting. To the extent that Plaintiff is requesting to amend his complaint to add the attached documents as exhibits, Plaintiff's request is denied. If Plaintiff is requesting permission to introduce these exhibits at trial, Plaintiff's request is premature, as discovery has not yet commenced and no trial has been set. The Court will therefore deny Plaintiff's request.

**II.**    **Defendants' Motion (#54).**

    Defendants request this Court stay discovery in this matter pending decision on Defendants' Motion to Dismiss (#36). Defendants' motion requests dismissal of this entire action based upon Plaintiff's failure to abide by the applicable statue of limitations. Defendants argue that a stay is warranted to avoid unnecessary fees and costs prior to decision on their motion.

Courts have broad discretionary power to control discovery. *See e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988).  Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a potentially dispositive motion.  Ordinarily a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery." *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555–6 (D. Nev.1997) (quoting *Twin City Fire Ins. v. Employers Insurance of Wausau*, 124 F.R.D. 652, 653 (D. Nev.1989)).  Common examples of such situations are when jurisdiction, venue, or immunity are preliminary issues. *Id*.  Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id*. (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)).  Because Plaintiff failed to file a response to this motion, the Court will not proceed with a detailed analysis of the likelihood of success of Defendants' motion.  Pursuant to LR 7-2(d), "failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  The Court therefore will grant Defendants' motion and stay all discovery pending the disposition of Defendants' Motion to Dismiss (#36).  Accordingly,

**IT IS HEREBY ORDERED** that  Plaintiff's Motion to Introduce Letters of Declaration and Exhibits (#53) is **denied**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay (#54) is **granted**.  Discovery in this matter shall be **stayed** pending decision on Defendants' Motion to Dismiss (#36).  If the Motion to Dismiss (#36) is denied or otherwise does not dispose of this entire case, the parties shall conduct a Rule 26(f) conference within **14 days** of the Court's ruling and submit a proposed discovery plan and scheduling order within **14 days** after the 26(f) conference in compliance with LR 26-1.

DATED this 21st day of August, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge