# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Billy Cepero,

    Plaintiff

v.

Douglas Gillespie, et al.,

    Defendants

Case No.: 2:11-cv-01421-JAD-GWF

**Order Granting Motion to Dismiss [Doc. 36] and Granting in Part and Denying in Part Motion for Copy of the Docket Sheet or for Status Check [Doc. 59]**

This case arises out of Plaintiff Billy Cepero's arrest on August 26, 2009, during which Las Vegas Metropolitan Police Department officers allegedly violated Cepero's Fourth Amendment rights by acting with excessive force. Doc. 1 at 7; Doc. 29 at 1. He further alleges state torts committed by LVMPD and its officers: assault and battery, emotional and physical injuries, and negligence. Doc. 1 at 7; Doc. 29 at 1; Doc. 19. Before the Court is the Motion to Dismiss filed June 14, 2012, by LVMPD and by the 21 officers named in this suit. Doc. 36 at 1. Cepero's response was due July 1, 2012; he responded more than five weeks late on August 6, 2012. Doc. 55. Defendants timely replied on August 13, 2012. Doc. 56. The Court also considers Cepero's Motion for Copy of the Docket Sheet or, in the Alternative, for Status Check of Case Activity filed November 19, 2012. Doc. 59.[1]

---

[1] This case was transferred to Judge Jennifer A. Dorsey on August 9, 2013. Doc. 62.

1

After a full review of the record and applicable law, the Court grants the Motion to Dismiss. Doc. 36. It also grants in part and denies in part the Motion for Status Check, as discussed below. Doc. 59. While recognizing that Cepero's response to the Motion to Dismiss was not timely filed, the Court finds that the arguments raised in his response do not change the outcome of his suit.[2]

# I.

## Discussion

### A.   All of Cepero's Claims Are Time-barred.

Defendants argue that all of Cepero's state and federal claims were filed outside the two-year statute of limitations, rendering them time-barred. Doc. 36 at 1–2. When a party sues for federal torts under 42 U.S.C. § 1983, the statute of limitations is drawn from the forum state's personal injury statute. *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989) (per curiam); *see also Orr v. Bank of Am.*, 285 F.3d 764, 781 n.29 (9th Cir. 2002) (citing *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989)). "Under the applicable Nevada statute of limitations, [Cepero] had two years within which to commence his section 1983 claim." *Perez*, 869 F.2d at 426 (citing NEV. REV. STAT. § 11.190(4)(e)). The "action is deemed to be commenced when the complaint was filed." *Id.* Likewise, Cepero must have "file[d] a complaint within the standard two year limitation period of NRS 11.190(4)(e)" to bring his state claims. *Jiminez v. Nevada*, 644 P.2d 1023, 1024 (Nev. 1982).

Cepero alleges, and Defendants agree, that he was arrested on August 26, 2009. Doc. 1 at 7; Doc. 29 at 7; Doc. 36 at 1–2. The statute of limitations provided him until August 26, 2011, to file his claims. He missed that deadline by one week.[3] Under binding law, all of Cepero's claims

---

[2] The Court further bears in mind that "a *pro se* complaint, however inartfully pleaded," is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). The Court also finds these motions appropriate for disposition without oral argument. L.R. 78-2. Plaintiff was timely provided with the notice required under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988). Doc. 37.

[3] The earliest date on which Cepero's complaint could have been filed was September 2, 2011, when he submitted an application to proceed *in forma pauperis* and attached a complaint. Doc. 1.

arising out of his August 26, 2009, arrest are thus time-barred. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009); *see also* Nev. Rev. Stat. § 41.036(2).

**B.     Cepero's State Claims Are Untimely under Nevada's Claim-notice Statute.**

In addition to the personal-injury statute of limitations, Nevada Revised Statute § 41.036 requires that "[e]ach person who has a claim against any political subdivision of the State arising out of a tort must file the claim within 2 years after the time the cause of action accrues with the governing body of that political subdivision." Nev. Rev. Stat. § 41.036(2). While this "is not a condition precedent to bringing an action pursuant to NRS 41.031," the state of Nevada nonetheless requires notice of claims within two years of their accrual, as part of the statutory scheme it created when it waived its sovereign immunity from suit. Nev. Rev. Stat. § 41.036(2)–(3); *see also Nevada v. Hall*, 440 U.S. 410, 413 n.2 (1979) (quoting Nev. Rev. Stat. § 41.031).

The first possible date on which this Court could find that Cepero filed a complaint is September 2, 2011. This was seven days after the claim-notice deadline of August 26, 2011. Accordingly, Cepero also failed to comply with the requirements of Nevada Revised Statute 41.036(2) when he brought state claims against LVMPD and 21 LVMPD officers.

**C.     The Mailbox Rule Does Not Bring Cepero's Suit Within the Statute of Limitations.**

Cepero's opposition to the Motion to Dismiss was not timely filed and, therefore, the Court need not consider it. Even if it were timely brought, the Court finds that it would not change the disposition of this case. Liberally construed, Cepero's opposition argues that the mailbox rule affords an avenue for saving his federal claims from the statute of limitations and that this case should have been combined with an earlier-filed case. *See* Doc. 55 at 2–11. The mailbox rule is inapplicable to Nevada state claims. *Milton v. Nevada Dep't of Prisons*, 68 P.3d 895, 896 (Nev. 2003) (declining "to create a blanket 'mailbox' rule for the filing of complaints for personal injuries" when prisoners sue Nevada state actors).

In *Houston v. Lack*, the Supreme Court held that a prisoner filed his notice of habeas appeal at the time "he delivered the notice to prison authorities for forwarding to the District Court." *Houston v. Lack*, 487 U.S. 266, 270 (1988). The Ninth Circuit applied the *Houston* rule to inmates'

3

1983 claims in *Douglas v. Noelle* because "prisoners are unable to control their complaints once they are delivered to prison officials," because prisoners cannot determine whether courts receive their mailings, and because prison officials who may be sued "have a particular incentive to delay the filing of § 1983 suits." *Douglas*, 567 F.3d at 1107. To benefit from the mailbox rule, prisoners must demonstrate compliance in one of two ways. In the first approach, a prisoner must place his complaint in the prison's locked, legal-mail mailbox by the statute-of-limitations deadline and then provide either a declaration that complies with 28 U.S.C. § 1746 or a notarized statement.[4] *Id.* at 1109. Under the second approach, the prison's own records must show that the prisoner's complaint was mailed to the federal district court by registered mail, and the prisoner must further supply a photocopy of the postmarked envelope he used to mail the complaint. *Id.*

Cepero writes that he initially mailed a handwritten complaint to the District of Nevada on or about August 10, 2011, and it was returned with a template complaint on August 24, 2011; Cepero allegedly filled it out and remailed it to the federal court on the same day.[5] Doc. 55 at 2–3. He maintains that this document was filed in *Cepero v. Hard*, 2:11-cv-01401 on August 30, 2011. *See* Doc. 55 at 3. The Court finds a handwritten complaint, based on the same August 2009 arrest, filed August 31, 2011, in that now-closed case. Doc. 55 at 6; Doc. 1 in 2:11-cv-1401. On August 25, 2011, Cepero mailed an allegedly duplicate complaint for filing in the instant case. Doc. 55 at 5. The handwritten date on the *Gillespie* complaint is indeed August 24, 2011. Doc. 1 at 15. Cepero acknowledges it was entered on September 2, 2011. Doc. 55 at 5.

In a handwritten letter to the Court dated November 16, 2011, Cepero indicated that he was confused by his twin *Hard* and *Gillespie* cases. Doc. 55 at 33; Doc. 10-1; Doc. 6-1 in 2:11-cv-1401. He asked the Court for copies of the complaints, to help him "determine which complaint is which," and indicated that he didn't "know what complaint" was entered in *Hard*. Doc. 55 at 33; Doc. 10-1;

---

[4] Under the statute, a declaration executed in the United States must be followed with text in "substantially" this form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." 28 U.S.C. § 1746.

[5] In an earlier filing, Cepero placed this date as "[a]bout August 22, 2011." Doc. 55 at 39; Doc. 11 in 2:11-cv-1401.

1 Doc. 6-1 in 2:11-cv-1401.  Further, he suggests that he only meant to instigate one lawsuit when he
2 wrote that "my complaint is against LVMPD.  Here it changes from Gillespie to Hard."  Doc. 55 at
3 33; Doc. 10-1; Doc. 6-1 in 2:11-cv-1401.  The letter was not ruled upon in either case, but his
4 December 1, 2011, Motion to Receive Free Copies expressly followed-up on the letter.  Doc. 13;
5 Doc. 7 in 2:11-cv-1401.  The motion was granted in *Gillespie* and thus denied as moot in *Hard*.
6 Doc. 14; Doc. 10 in 2:11-cv-1401.

7 On January 4, 2012, Cepero's Motion to Amend/Correct Complaint was filed in the *Hard*
8 docket.  Doc 55 at 38–43; Doc. 11 in 2:11-cv-1401.  He wrote that "it is obvious NOW that the
9 paperwork (documents) were filed independently to one another with disregard to my notification
10 letters."  Doc. 55 at 41 (double underlining in original).  He further wrote that "1401 was the
11 original complaint," making the *Gillespie* complaint "a sort of duplicate complaint."  Doc. 55 at 42;
12 Doc. 11 in 2:11-cv-1401.  Accordingly, he asked the court to treat the *Gillespie* complaint as an
13 amendment to the original complaint in *Hard* and to "vacat[e]" *Gillespie*.  Doc. 55 at 38; Doc. 11 in
14 2:11-cv-1401.  But the magistrate judge in *Hard* had already entered a report and recommendation
15 on December 28, 2011, that recommended dismissing the *Hard* complaint because "[t]he claims set
16 forth therein are duplicative of the claims set forth in" *Gillespie*.  Doc. 10 at 1–2.  The report and
17 recommendation expressly found that *Gillespie* "is ongoing and is not affected by this dismissal."
18 Doc. 10 at 2.  When the district judge adopted this recommendation and dismissed *Hard* on January
19 20, 2012, her order did not address Cepero's intervening Motion to Amend/Correct Complaint.
20 Doc. 12 in 2:11-cv-1401; Doc. 11 in 2:11-cv-1401.  When liberally construed, Cepero's late-filed
21 opposition is best read as a request to apply the mailbox rule or to retroactively combine his cases.

22 With the right proof, an August 24, 2011, mailing date might place Cepero within the
23 mailbox exception and thereby permit his suit to proceed.  The Court has reviewed his 70-page
24 opposition to the Motion to Dismiss, with its extensive exhibits, and finds none of the required
25 proof: there is no statutorily-compliant declaration, notarized statement, prison record, or envelope
26 photocopy.  There is no indication that the third rationale for the *Douglas* rule—namely, that prison
27 officials may be motivated to delay the filing of complaints—affected this case.  The first and

28

5

1  second rationales, however, address prisoners' inability to control the timely filing of complaints
2  once such documents are mailed.  Given Cepero's apparent and repeated efforts to file his complaint
3  before August 26, 2011, and given the federal courts' policy of liberality toward pro se plaintiffs, the
4  Court finds that the rationale driving *Douglas* is applicable here.  Absent the proof required by law
5  to trigger that rule, however, the Court cannot apply the mailbox exception to save Cepero's federal
6  claims and his suit must be dismissed.

7  In addition, Cepero's *Hard* case was opened on August 30, 2011, and that complaint was
8  filed on August 31, 2011.  Doc. 2.  Even if the Court retroactively combined the *Hard* and *Gillespie*
9  cases, and used the *Hard* complaint for statute-of-limitation purposes, it provides him no benefit
10 because *Hard* blows the statute by four days.  Further, assuming *arguendo* that the Court could
11 apply the mailbox exception to the *Hard* complaint—which was properly before another judge and
12 is now a closed case—the Court is presented with none of the evidence that would be required under
13 *Douglas*.  The argument for combining Cepero's cases thus fails to salvage his federal claims.

14 **D.      The Court Grants in Part and Denies in Part Cepero's Motion for Status Update.**

15 Cepero moves for a copy of the docket sheet or, in the alternative, for a status check.  Doc.
16 59.  He writes that he has "no money to pay" and "can only depend on the Court for status check."
17 Doc. 59 at 2.  When Magistrate Judge George Foley Jr. previously granted Cepero's Motion to
18 Receive Free Copies in this case, he noted that the court would not " be inclined to grant future
19 requests for free copies of Court documents."  Doc. 14 at 1 (granting request for two free copies of
20 Plaintiff's complaint); *see also* Doc. 13.  In light of this order, the Court denies Plaintiff's request for
21 a free docket sheet, but grants the motion insofar as this Order provides this status update on his
22 case: Cepero's claims are dismissed because they were filed after the statute of limitations ran,
23 rendering each of them time-barred as a matter of law.

24 . . .

25 . . .

26 . . .

27

28

6

## II.
## Conclusion

Accordingly, and good cause appearing,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss **[Doc. 36] is GRANTED**; all of Plaintiff's claims are time-barred and therefore **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Copy of Docket Sheet or, in the Alternative, for Status Check of Case Activity **[Doc. 59] is GRANTED** in part and **DENIED** in part as set forth herein.

DATED February 21, 2014.

_____
Jennifer A. Dorsey
United States District Judge