# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Billy Cepero,

    Plaintiff

v.

Douglas Gillespie, et al.,

    Defendants

Case No.: 2:11-cv-01421-JAD-GWF

**Order Denying Reconsideration**

This case arose out of plaintiff Billy Cepero's arrest on August 26, 2009, during which, Cepero alleges, Las Vegas Metropolitan Police Department ("LVMPD") officers acted with excessive force and thereby violated his Fourth Amendment rights and committed a host of other state-law torts.[1]  I granted defendants' motion to dismiss and closed the case on February 21, 2014, because Cepero filed suit after the two-year statute of limitations had expired.[2]  Cepero now brings this motion for reconsideration—which the defendants oppose—urging me to find that his filing was timely under the mailbox rule.[3]  After carefully considering the record and law, I deny the request for reconsideration.[4]

## Discussion

Motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure, but courts may grant them under Rule 59(e).[5]  Reconsideration is only warranted when: (1)

---

[1] Doc. 1 at 7; Doc. 29 at 1; Doc. 19.

[2] Doc. 65.

[3] Docs. 67–68.

[4] I find this motion appropriate for resolution without oral argument. LR 78-2.  I liberally construe all of Cepero's pro se motions and pleadings. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

[5] *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 179 F.3d 656, 665 (9th Cir. 1999).

the movant presents newly discovered evidence, (2) the district court committed clear error or the initial ruling was manifestly unjust, or (3) there is an intervening change in controlling law.[6] Although reconsideration may also be warranted in other highly unusual circumstances, it is well recognized as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[7]

Cepero asks for reconsideration of my dismissal order, arguing that he dispatched his complaint for filing within the two-year statute of limitations, and he offers a declaration and some additional documentation in urging his position.[8] Unfortunately, it still falls short of the evidentiary proof I need to find his late complaint timely. When granting dismissal, I outlined the requirements of *Douglas v. Noelle*, the Ninth Circuit decision that gives relief to prisoners who satisfy the statute of limitations via the mailbox rule:

> To benefit from the mailbox rule, prisoners must demonstrate compliance in one of two ways. In the first approach, a prisoner must place his complaint in the prison's locked, legal-mail mailbox by the statute-of-limitations deadline and then provide either a declaration that complies with 28 U.S.C. § 1746 or a notarized statement. Under the second approach, the prison's own records must show that the prisoner's complaint was mailed to the federal district court by registered mail, and the prisoner must further supply a photocopy of the postmarked envelope he used to mail the complaint . . . .
>
> With the right proof, an August 24, 2011, mailing date might place Cepero within the mailbox exception and thereby permit his suit to proceed. The Court has reviewed his 70-page opposition to the Motion to Dismiss, with its extensive exhibits, and finds none of the required proof: there is no statutorily-compliant declaration, notarized statement, prison record, or envelope photocopy. There is no indication that the third rationale for the *Douglas* rule—namely, that prison officials may be motivated to delay the filing of complaints—affected this case. The first and second rationales, however, address prisoners' inability to control the timely filing of complaints once such documents are mailed. Given Cepero's apparent and repeated efforts to file his complaint before August 26, 2011, and given the federal courts' policy of liberality toward pro se plaintiffs, the Court finds that the rationale driving *Douglas* is applicable here. Absent the proof required by law to trigger that rule, however, the

---

[6] *Id.* (citing *All Haw. Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648 (D. Haw. 1987)).

[7] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2007) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

[8] Doc. 67 at 2.

Court cannot apply the mailbox exception to save Cepero's federal claims and his suit must be dismissed.[9]

Although Cepero has supplemented his evidentiary offering, it still falls short of satisfying any of the *Douglas* exceptions; he has not provided me a declaration or affidavit affirming that he placed his complaint in the prison's locked, legal-mail mailbox by the statue-of-limitations deadline, nor has he demonstrated that the prison's own records show that his complaint in this case was timely mailed to the court by registered mail. Nor does he even suggest that prison officials—or indeed anyone else—were motivated to delay the filing of his complaint. I am faced, therefore, with essentially the same situation that existed when I dismissed this case ten months ago: there is no basis, legal or factual, to find that the mailbox rule saves Cepero's untimely complaint. I thus find no new evidence, clear error or manifest injustice, or intervening change in the law that would warrant reconsideration of the order Cepero now challenges.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Cepero's motion for reconsideration **(Doc. 67) is DENIED**. I continue to find that Cepero's claims were properly dismissed as untimely.

DATED December 15, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[9] Doc. 65 at 3–6 (citations and footnotes omitted). As I explained in a footnote to my earlier order, under 28 U.S.C. § 1746, a declaration executed in the United States must be followed with text in "substantially" this form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." *Id.* at 4, n.4. Cepero submits a signed affidavit with his motion for reconsideration, but without any support in the record for a *Douglas* finding, his case cannot be revived. *See* Doc. 67 at 6.