# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Billy Cepero,

    Plaintiff

v.

Douglas Gillespie, et al.,

    Defendants

Case No.: 2:11-cv-01421-JAD-GWF

**Order Re: Docs. 74, 76, 80**

On February 21, 2014, I dismissed all of Billy Cepero's claims in this suit after finding they were all time-barred and that the prison "mailbox rule" did not operate under the "mailbox rule." Doc. 65 at 2-6.[1] Specifically, I found that Cepero's claims accrued on August 26, 2009, but because he filed his complaint on September 2, 2011, his claims were untimely under Nevada's two-year statute of limitations. *Id.* I also found that "the handwritten date on the *Gillespie* complaint is indeed August 24, 2011," and that Cepero "initially mailed a handwritten complaint to the District of Nevada on or about August 10, 2011, and it was returned with a template complaint on August 24, 2011; Cepero allegedly filled it out and remailed it to the federal court on the same day." *Id.* at 4. On February 21, 2014, the Clerk of Court entered judgment against Cepero on all claims. Doc. 66.

On March 11, 2014, Cepero moved for reconsideration of the order, arguing that his claims were timely. Doc. 67. On December 15, 2014, after carefully considering the record and law, I denied the request for reconsideration. Doc. 71. I noted that Cepero failed to "provide[] me a declaration or affidavit affirming that he placed his complaint in the prison's locked, legal-mail mailbox by the statute-of-limitations deadline, nor has he demonstrated that the prison's own records show that his complaint in this case was timely mailed to the court by registered mail." Doc. 71 at 3. Then, on January 8, 2015, Cepero moved for relief from judgment under Rule 60(b)(1), re-urging

---

[1] Cepero brought federal civil rights and state law claims against the defendants. *See* Doc. 29.

1

the arguments first raised in his motion for reconsideration that (1) he never argued that the "mailbox rule" operated to render his claims timely, and (2) the clerk of court was responsible for not filing the complaint when submitted. Doc. 74 at 2-3. He also submits an affidavit stating that he submitted his handwritten complaint in this action on August 14, 2011. *Id.* at 4.[2] On the same day, Cepero filed a notice of appeal on January 8, 2015. Docs. 74, 75.[3]

Once a party files a notice of appeal, the district court lacks jurisdiction to entertain a Rule 60(b) motion.[4] However, notice of appeal does not divest the district court of jurisdiction if, at the time the notice of appeal was filed, there "was then a pending motion for reconsideration."[5] Nevertheless, a Rule 60(b) motion "does not affect the judgment's finality or suspend its operation,"[6] and other courts of appeal have found that "the time for appeal is postponed only by an *original* motion of the type specified."[7] As other courts have noted, "a notice of appeal does not become effective, and the district court does not lose jurisdiction, until the district court rules on all motions for reconsideration filed *no later than twenty-eight days after judgment is entered.*"[8]

---

[2] Defendants responded on January 16, 2015. Doc. 79. No reply was filed.

[3] I find these motions appropriate for resolution without oral argument. LR 78-2. I liberally construe all of Cepero's pro se motions and pleadings. *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

[4] *Natural Resources Defense Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).

[5] *United Nat. Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001). Under Appellate Procedure Rule 4(a), a Rule 60(b) motion is "pending" and suspends the effect of a notice of appeal when the motion is filed "no later than 28 days after the judgment is entered." Fed. R. App. Proc. 4(a)(4)(A)(vi).

[6] Fed. R. Civ. Proc. 60(c)(2).

[7] *Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990) (citation omitted) ("[W]here the movant pleads substantially the same grounds in a second motion to reconsider as he did in his original pleading, or seeks reconsideration of an amended order that does not enlarge upon a previously reconsidered order, then the time limit [for appeal] is not tolled.") (citations omitted).

[8] *ConocoPhillips Company v. Milestone Pacific Properties, LLC*, 2010 WL 4608223, at *1 (N.D. Cal. 2010) (emphasis in original) (citations omitted). *Cf. Trevino v. Prunty*, 150 Fed. App'x 741, 743 (9th Cir. 2005) (unpublished) (Berzon, J. concurring) (noting that filing of appeal divested district court of jurisdiction over then-pending Rule 60(b)(6) motion).

Judgment against Cepero was entered on February 21, 2014, and while Cepero's original motion for reconsideration was filed within 28 days of judgment, his re-urged motion for reconsideration was filed on January 8, 2015, long after the 28-day period elapsed.  By analogy, I conclude that Cepero's second motion for reconsideration, which merely expands on the legal principles argued in his first motion, is not properly deemed filed "before" his notice of appeal such that I have jurisdiction to entertain it.

When a notice of appeal is pending at the time a motion for reconsideration is brought, "the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case."[9]  Cepero attempts to comply with this procedure, as he moved to "stay" the appeal in this case pending determination of his Rule 60(b) motion, which I construe liberally as a request for me to "entertain the motion."  Doc. 76.  I decline to grant Cepero's request to reconsider my prior order because Cepero already had—and took—the opportunity to challenge defendants' motion to dismiss and seek reconsideration of my order of dismissal once before.

Even assuming *arguendo* that I would entertain the motion and the Ninth Circuit were inclined to remand this case for my consideration, I would deny Cepero's request.  Rule 60(b)(1) provides that I may grant relief from a final judgment due to "mistake, inadvertence, surprise, or excusable neglect."  "Rule 60(b) is meant to be remedial in nature and therefore must be liberally applied."[10]  "The determination of what conduct constitutes excusable neglect under Rule 60(b)(1) . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[11]  I consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and

---

[9] *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (quotations omitted); *See Davis v. Yageo Corp.*, 481 F.3d 661, 685 (9th Cir. 2007); *Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 P.3d 1143, 1148 (9th Cir. 2004).  *See also* Fed. R. Civ. Proc. 60(a), 62.1.

[10] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

[11] *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

3

(4) whether the movant acted in good faith."[12]

Consideration of these factors militates against granting Cepero's motion. First, defendants will be prejudiced by the granting of the motion because they have won an adjudication on the merits and will be subjected to additional motion practice and discovery if this case is reopened. Second, this case—originally filed in 2011—has been subject to considerable delay, in no small part because Cepero failed to properly support his original motion for reconsideration. Third, Cepero provides no explanation for why he failed to properly support his original motion for reconsideration with the affidavit he has now elected to file. This, in turn, makes it impossible for me to conclude that Cepero's re-urged motion is brought in good faith, although I have equally no indication that it was brought in bad faith.

Cepero also requests "copies of documents filed with and evidence submitted to the court." Doc. 80. Although the motion is not yet fully briefed, since I will not entertain Cepero's second motion for reconsideration in light of his pending appeal, I lack jurisdiction over this case and deny his request for copies of documents.

Accordingly, IT IS HEREBY ORDERED that Cepero's Motion for Relief from Judgment **[Doc. 74] is DENIED**.

It is FURTHER ORDERED that Cepero's Motion to Stay Appeal **[Doc. 76] is DENIED**.

It is FURTHER ORDERED that Cepero's Motion to Request the Court for Copies of Documents **[Doc. 80] is DENIED**.

DATED February 23, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[12] *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

4