# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BILLY CEPERO,

                Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT,

                Defendants.

Case No. 2:11-cv-01421-JAD-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion for Referral to the Pro Bono Lawyer Program (ECF No. 88), filed on April 24, 2017. Defendants filed an Opposition (ECF No. 89) on May 1, 2017.

There is no constitutional right to the appointment of counsel in civil cases. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). A court may only designate counsel pursuant to 28 U.S.C. § 1915(e)(1) in exceptional circumstances. *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). In determining whether counsel should be appointed, the Court has discretion to consider four relevant factors: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel; (3) the meritoriousness of the plaintiff's claim; and (4) the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. *Ivey*, 673 F.2d at 269; *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Defendants argue that Plaintiff has not made the requisite showing of exceptional circumstances to warrant the appointment of an attorney. The Court agrees. Accordingly,

. . .

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Referral to the Pro Bono Lawyer Program (ECF No. 88) is **denied** without prejudice. Plaintiff may refile his motion if he believes he can adequately show that he is entitled to an attorney based on the elements discussed above.

DATED this 4th day of May, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge