UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BILLY CEPERO,<br><br>              Plaintiff,<br>v.<br><br>LAS VEGAS METROPOLITAN POLICE<br>DEPARTMENT et. al,<br><br><br>              Defendants. | Case No. 2:11-cv-01421-JAD-GWF<br><br>**ORDER AND RECOMMENDATION**<br><br>**Re: Motion for Leave to File First Amended Complaint (ECF No. 111)** |

This matter is before the Court on Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 111), filed on July 30, 2018. Defendants filed their Opposition (ECF No. 116) on August 13, 2018, and Plaintiff filed his Reply (ECF No. 118) on August 20, 2018.

## **BACKGROUND**

Plaintiff Billy Cepero filed an application to proceed in forma pauperis and a proposed civil rights complaint on September 2, 2011. *Application* (ECF No. 1). Plaintiff's proposed complaint named twenty-one (21) officers of the Las Vegas Metropolitan Police Department ("LVMPD") as defendants. He alleged that on August 26, 2009, he was lying face down on the bathroom floor of an apartment clad only in boxer shorts when he was apprehended by police officers. The officers allegedly punched and kicked him, and hit him with a canister until he fainted. Plaintiff was taken to the hospital emergency room where he received several stitches for cuts on his face and inside his mouth. His nose had to be pulled out of his face, and a doctor ordered surgery for his broken shoulder. Plaintiff alleged that he did not know the names of all

of the police officers who participated in the beating because he was lying face down, the officers were wearing masks, and he fainted.[1]

Plaintiff's complaint made the following allegations against the individual defendants: (1) J. Bonkavich, M. Fowler, and W. Marx were identified in the police arrest report as the lead officers who made contact with Plaintiff at the time of the arrest and were responsible for beating him and causing his physical and emotional injuries. (2) Sergeant C. Leveque was in charge of all detectives and officers involved in the event. (3) Detectives R. Hard, G. Theobald, and T. Cord were key players in the event and responsible for the violation of Plaintiff's rights. (4) Officers T. Faller, L. Ferron, T. Radke, R. Neslund, C. Lilienthal, S. Devore, C. Neri, S. Thomas, R. Kegley, T. Aiken, and E. Morgan were "[p]art of the whole event and [r]esponsible in [s]hape or form for violations." (5) Sheriff Douglas Gillespie was directly responsible for allowing tactics of abuse by officers of the LVMPD. (6) Bill Cassell was the spokes-person for the LVMPD and was responsible for addressing the media and providing false and misleading information. (7) Lieutenant D. Flynn was the negotiator for LVMPD and allowed SWAT members to proceed and gave false statements under oath at trial.

On November 7, 2011, the court granted Plaintiff's application to proceed in forma pauperis, and found that he sufficiently alleged a claim for relief in Count I for use of excessive force in violation of the Fourth Amendment. The Court stated that it was "reasonable to allow Plaintiff to pursue this claim against all named Defendants except Defendants Sheriff Douglas Gillespie and Bill Cassell. Considering the circumstances alleged, it is understandable that Plaintiff cannot identify the officers responsible for the alleged conduct. As more facts come out during discovery, the individuals involved will become known, and Defendants can move to dismiss all other named-Defendants." *Order and Report and Recommendation* (ECF No. 9), at 6.

The Court found that Count II sufficiently alleged a state law claim for assault and battery against the police officers who participated in the beating of Plaintiff. The Court allowed

---
[1] Defendants dispute Plaintiff's allegations in their opposition. The Court assumes for purposes of this motion, however, that the factual allegations in Plaintiff's complaint are true. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

2

Plaintiff to pursue his assault and battery claim against all Defendants except Defendants Gillespie and Cassell. *Id*. at 7. The Court found that Count III was arguably intended to allege a claim for intentional infliction of emotional distress and granted Plaintiff leave to file an amended complaint to allege such a claim. *Id*. at 8. The Court recommended that Count IV, which alleged a claim for cruel and unusual punishment in violation of the Eighth Amendment, be dismissed with prejudice. The Court dismissed Count V which alleged negligence claims against four supervisory officers, but granted Plaintiff leave to file an amended complaint to correct the deficiencies in Count V. *Id*. at 9-10. On December 19, 2011, the District Judge accepted the recommendation and dismissed Count IV with prejudice. *Order* (ECF No. 19).

On February 28, 2012, Plaintiff filed an amended complaint which alleged claims for excessive use of force (Count I), assault and battery (Count II), intentional infliction of emotional distress (Count III), negligence (Count IV) and defamation (Count V). *Complaint* (ECF No. 26). Plaintiff stated in Count I that "[d]o to the fact that Defendants were not identify by their position and that they were more than 3 member on the Swat team group responsible for this violation. I can name only those shown to me on Report." Plaintiff listed defendants J. Bankovick, M. Fowler, and W. Marx. He further alleged: "this is against all Swat members on 8-26-09. Swat members named on Summon." *Id*. at 8. Plaintiff stated in Count II that his claim for assault and battery included "all Swat members as well as all Rope officers named on Summon." *Id*. at 9. Plaintiff stated in Count III that his claim for intentional infliction of emotional distress was brought against named defendants 4-21. *Id*. at 10. Thus, this claim was not asserted against Defendants 1-3, Gillespie, Cassell, and Flynn. *See Id*. at 2A.

In his claim for negligence in Count IV, Plaintiff alleged that Defendant Leveque supervised and directed the actions of the R.O.P.E. unit and "was personally involve and at the locations from where this incident arose from." He further alleged that Defendant Leveque was "fully aware of the violation. while in his presence he orchestrated, knowingly and willingly all the actions resulting to this claim." *Id*. at 11. Plaintiff alleged that Defendant Flynn was the "entire LVMPD division chief in charge of the negotiation on … 8-26-09. He was in charge and at the scene on command and charge of the SWAT team. He made all the strategical advances of

1  SWAT as he himself stated while bullhorning on the scene. He advise me that if the SWAT

2  members had to go in that I would get hurt. He directed his subordinates whose performance

3  have bee [sic] sufficient for the court to find merits in Count I [and] II." Plaintiff alleged that

4  Defendant Gillespie "as the sheriff in charge of the whole LVMPD. He had not condomend

5  [condemned(?)], redress no discipline the abusive behavior that is been exercise by the Las

6  Vegas Metro police department as is evident." Plaintiff alleged that "the Department of LV

7  Police has shown a repeat behavior of misconduct at the highest level with regards to their

8  officer beating of individuals." *Id*. at 12.

9        In his claim for defamation, Count V, Plaintiff alleged that defendant Cassell, as

10 spokesperson for LVMPD, "did made false statements to the media with regards to the

11 circumstances and the outcome with the very and only purpose to influence the public and

12 minimize and excuse the departments physical abuse of my arrest." *Id*. at 13.

13       In its March 6, 2012 screening order of the Complaint (ECF No. 26), the court again

14 found that Plaintiff had alleged a viable claim for excessive force, and that it was "reasonable to

15 allow Plaintiff to pursue this claim against all named Defendants except Defendants Sheriff

16 Douglas Gillespie and Bill Cassell." *Order* (ECF No. 28.), at 3. The court also allowed

17 Plaintiff's assault and battery claim to proceed and stated that Plaintiff had sufficiently alleged a

18 claim for intentional infliction of emotional distress, and a claim for negligence against

19 defendant Flynn. *Id*. at 4-6. The Court held, however, that Plaintiff failed to allege a sufficient

20 claim for defamation against defendant Cassell. *Id*. at 7.[2]

21       On March 29, 2012, the Court entered an order for issuance of summons so that the

22 amended complaint could be served on the defendants by the United States Marshal. *Order*

23 (ECF No. 31). Summons were then issued by the Clerk for all defendants. *See* ECF No. 32.

24       On June 14, 2012, "Defendants Las Vegas Metropolitan Police Department and 21

25 named LVMPD officers ('LVMPD Defendants'), by and through their attorneys of record," filed

---

[2] On March 6, 2012, Plaintiff filed another version of his complaint. *See* ECF No. 29. This document could not have been filed in response to the second screening order. No motion was filed seeking leave to file this document. Nor was it screened by the Court. The operative complaint in this case [Amended] Complaint (ECF No. 26).

4

a motion to dismiss Plaintiff's complaint on the ground that it was barred by the statute of limitations. *Motion to Dismiss* (ECF No. 36).

On June 15, 2012, the marshal filed returns stating that he was unable to serve Defendants Aiken and Fowler because they were "not in system as employee[s]." *See* ECF No. 40. On June 27, 2012, the marshal filed a return stating that service had not been made on Defendant Hard because a "P#" was needed to locate him. *See* ECF No. 42. The marshal filed returns stating that the other defendants were served on June 11 and 21, 2012. *See* ECF Nos. 39 and 43.

On July 30, 2012, Defendants filed a motion to stay discovery pending a decision on their motion to dismiss. *Defendants' Motion to Stay* (ECF No. 54). Plaintiff did not file an opposition, and the Court granted an order staying discovery on August 21, 2012. *Order* (ECF No. 57).

On February 21, 2014, the Court granted Defendants' motion to dismiss and entered judgment in favor of the Defendants. *Order* (ECF No. 65); *Judgment* (ECF No. 66). Plaintiff's motion for reconsideration was denied on December 15, 2014. *Order* (ECF No. 71). Plaintiff filed a notice of appeal on January 8, 2015. *Notice of Appeal* (ECF No. 75). On August 5, 2016, the Court of Appeals reversed the dismissal of Plaintiff's complaint. *Memorandum* (ECF No. 84). The mandate was spread on the record on October 27, 2016. *Order on Mandate* (ECF No. 87).

On July 11, 2017, Defendants' attorney filed a Notice of Appearance of Counsel on behalf of all Defendants named in the complaint. *Notice of Appearance* (ECF No. 93). On August 28, 2017, the "Defendants who have been served in this action" filed their answer to Plaintiff's amended complaint. *Answer to Plaintiff's Amended Complaint* (ECF No. 94). On September 15, 2017, Plaintiff filed a motion to strike Defendant's answer. *Motion to Strike* (ECF No. 97). The motion to strike was denied on March 30, 2018. *Order* (ECF No. 101). On March 23, 2018, attorney Lauren Calvert was appointed as counsel for Plaintiff. *Order* (ECF No. 99). On May 3, 2018, the Court entered the scheduling order proposed by the Defendants. *Order* (ECF No. 104).

# DISCUSSION

**1. Whether Defendants Hard, Aiken and Fowler Waived Service of Process, or Whether Plaintiff Should Now be Permitted to Serve Them.**

A federal court does not have personal jurisdiction over a defendant unless he has been served with a summons and complaint in accordance with Fed.R.Civ.P. 4. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986); *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). A defendant can waive the lack of personal jurisdiction by appearing generally without first challenging the lack of jurisdiction in a preliminary motion. *Id*. "An appearance ordinarily is an overt act by which the party comes into court and submits to the jurisdiction of the court. This is an affirmative act involving knowledge of the suit and an intention to appear." *Id*. (internal quotation marks omitted).

In this case, the Court ordered the marshal to serve the summons and complaint on the defendants. *Order* (ECF No. 31). The order stated that if Plaintiff wanted the marshal to again attempt service on any unserved defendant, he was required to file a motion identifying the unserved defendant and provide additional information needed to facilitate service. The order also stated that service must be accomplished within one hundred twenty (120) days from the date the complaint was filed. *Id*. Defendants Hard, Aiken and Fowler were not served. By the time the marshal filed his returns of non-service, however, the Defendants' attorney had already filed the motion to dismiss based on the statute of limitations.

Rule 12(g)(2) states that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Rule 12(h)(1) states that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Numerous cases have held that a defendant waives defenses such as lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process if he files a motion to dismiss under Rule 12(b), but does not include such defenses in his motion. In *Rauch v. Day & Night*

*Mfg. Corp.*, 576 F.2d 697, 700-02 (6th Cir. 1978), the defendant filed a motion to stay an action filed in the District of Michigan based the pendency of an identical action in Texas. Defendant also moved to dismiss the Michigan action pursuant to the statute of limitations. The court stated that when a defendant files a pre-answer motion to dismiss or an answer without raising lack of personal jurisdiction as a defense, that defense is waived. In *Pilgrim Badge & Label Corp. v. Barrios*, 857 F.2d 1, 3 (1st Cir. 1988), the court held that defendant waived his objection to personal jurisdiction when he filed a motion to dismiss the action based on lack of venue in the district. *See also Erie Indemnity Co. v. Keurig, Inc.*, 2011 WL 5361096 (N.D. Ohio Oct. 31, 2011) (defendant waived objection to personal jurisdiction when it filed a motion to dismiss based on the statute of limitations); *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d. 907, 909 (5th Cir. 1993) (failure to raise insufficiency of process in defendant's Rule 12(b) motion waived that defense); *O'Brien v. R.J. O'Brien & Associates*, 998 F.2d 1394, 1398-1400 (7th Cir. 1993) (same); *Seretse-Khama v. Ashcroft*, 215 F.R.D. F.Supp.2d 37, 39-41 (D.D.C. 2002) (same).

The circumstances of this case are similar to those in *Fitzpatrick v. Gates*, 2004 WL 239825 (C.D. Ca. Feb. 2, 2004). In that case, the defendants moved to dismiss the complaint because plaintiff failed to serve them for more than three years after the complaint was filed. The plaintiff argued that defendants had earlier appeared in the action when the city attorney filed a number of papers "on behalf of all named police officer defendants." *Id*. at *2. The court stated that "the voluminous file in this action reveals three sets of papers on which the City Attorney inserted, at the top of the title page, 'Attorney for Defendants, Richard Alarcon, Ernani Bernardi, … and named police officer defendants.'" The plaintiff presented no authority that these "cryptic references" rose to the level of a voluntary, general appearance by the moving defendants. *Id*. In granting the motion to dismiss, court stated:

> Here the evidence before the Court demonstrates that Plaintiff did not serve the moving defendants before December 2003; that the moving defendants were unaware of this lawsuit until September 2003; that, until they were served with process, they never sought representation in this case and that they never authorized the City Attorney's Office to undertake any steps on

7

> their behalf prior to receiving service. For these reasons, the Court finds
> that they did not voluntarily appear in the case prior to being served.

*Id*. at *2.

In this case, Defendants' motion to dismiss based on the statute of limitations began with the statement "Defendants Las Vegas Metropolitan Police Department and 21 named LVMPD officers ('LVMPD Defendants'), by and through their attorneys of record, Marquis Aurbach Coffing, hereby file this Motion to Dismiss." *Motion* (ECF No. 36), at 1. In their reply brief, which was filed after the marshal reported that Defendants Hard, Aiken and Fowler had not been served, Defendants' counsel again stated that the reply was filed on behalf of "Defendants Las Vegas Metropolitan Police Department and 21 named LVMPD officers ('LVMPD Defendants')." *Reply* (ECF No. 56) at 1. These statements are not "cryptic." Defendants' attorneys clearly represented that the motion was made on behalf of all Defendants. This contrasts with Defendants' answer filed on August 28, 2017 which stated that "[t]he Defendants who have been served in this action hereby answer Plaintiff Billy Cepero's ('Plaintiff') Complaint . . . ." *Answer* (ECF No. 94).

In dismissing the complaint in *Fitzpatrick*, the court relied on the fact that the defendants were unaware of the lawsuit and never sought representation or authorized the city attorney to appear on their behalf. Although Defendants' counsel does not expressly so state, there appears to be an implication that Defendants Hard, Aiken and Fowler were unaware of this lawsuit at the time the motion to dismiss was filed. In any event, there is insufficient information to support a finding that these defendants knew about the lawsuit, and authorized Defendants' counsel to file the motion to dismiss on their behalf. Plaintiff argues that the Notice of Appearance (ECF No. 93) filed on July 11, 2017, constituted a general appearance on behalf of Defendants Hard, Aiken and Fowler. This notice was followed one day later, however, by the filing of the answer on behalf of the "Defendants who have been served in this action." The notice of appearance is too ambiguous to constitute a general appearance by Hard, Aiken or Fowler. Plaintiff argues that Defendants' response to Plaintiff's motion to appoint experts, filed on July 25, 2018, supports a finding that Hard, Aiken and Fowler have generally appeared in this action. This document was

titled as "LVMPD's Opposition." *Opposition* (ECF No. 110). It is also too ambiguous to establish a general appearance by Defendants Hard, Aiken and Fowler.

Although the evidence is insufficient to establish that Defendants Hard, Aiken or Fowler, in fact, authorized the motion to dismiss to be filed on their behalf, Plaintiff could have reasonably believed that it was filed on behalf all named defendants. At the time the complaint was filed, Fed.R.Civ.P. 4(m) stated that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time. If the plaintiff shows good cause for the failure, however, the court must extend the time for service for an appropriate period. The Advisory Committee Notes to the 1993 Amendment which revised Rule 4(m) state:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service, or conceals a defect in the attempted service.

In *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987), which was cited in the Advisory Committee Notes, the defendant moved to dismiss the complaint on the grounds that it had never been served. The plaintiff erroneously argued that formal service was not required because the defendant joined in a removal petition. The court stated that it would be unfair to dismiss the action, which would then be barred by the statute of limitations, "because [defendant's] removal and its inclusion on nearly every subsequent proof of service, understandably lulled plaintiff into believing that service had been accomplished." The court therefore excused plaintiff's failure to serve defendant and directed him to serve defendant forthwith. *Id*. at 105. In *Whitaker v. Stamping*, 302 F.R.D. 138, 142-43 (E.D. Mich. 2014), the court stated that the governing body charged with overseeing the Rues of Civil Procedure expressly stated that courts have the discretion to extend time for service in cases that would otherwise be barred by the statute of limitation, and cited *Ditkof* as an example. The court

9

further stated that the historical progression of Rule 4(m) indicates that any prejudice to the defendant must yield to the competing prejudice to the plaintiff.

In *Greer v. Madison County, Tenn.*, 2003 WL 21946685, at *2 (W.D. Tenn. June 5, 2003), the court extended the time for service of the complaint even though there was no evidence that the defendants had lulled the plaintiff into believing that service was proper. The court granted the extension because (1) defendant's motion to dismiss was the first notice that plaintiff received that there was any problem with service; (2) neither defendant claimed ignorance of the lawsuit or persuasively argued that they would be prejudiced in defending the claims against them, (3) the complaint itself was timely filed, and (4) plaintiff's counsel promptly acted to correct the flaw in service.

Assuming that the motion to dismiss did not constitute a general appearance by Defendants Hard, Aiken and Fowler, good cause exists to extend the time for service of the complaint on them. Plaintiff had no reason to believe prior to August 28, 2017 that the motion to dismiss was not filed on their behalf. Plaintiff also may not have understood that the answer on behalf of the "Defendants who have been served in this action" was intended to preserve Defendants Hard, Aiken and Fowler's objections to personal jurisdiction based on lack of service. On March 28, 2018, the Court appointed attorney Lauren Calvert as counsel for Plaintiff. Although Plaintiff's counsel could have arguably addressed the issue of service on Defendants Hard, Aiken and Fowler earlier than she did, she acted with reasonable diligence in filing the instant motion on July 31, 2018.

The Court therefore grants Plaintiff leave to serve the summons and amended complaint on Defendants Hard, Aiken and Fowler which will relate back to the time for service of [Amended] Complaint (ECF No. 26).[3] The Court recommends that Defendants' counsel accept service on behalf of these Defendants if they will authorize him to do so. Otherwise, Defendants' counsel shall provide Plaintiff's counsel with these Defendants' current or last known addresses so that Plaintiff may obtain service of the summons and amended complaint on

---

[3] The Court also grants Plaintiff's request to correct Defendant Hard's name to Hart.

10

1  them. Plaintiff's counsel shall promptly provide the necessary information to the United States
2  Marshal so that he may serve these defendants.

### 2. Plaintiff's Motion to Add Officers Wiggins and Emery as Defendants.

Plaintiff moves for leave to join Officers Wiggins and Emery as defendants. Plaintiff's proposed first amended complaint states that Wiggins and Emery are SWAT officers employed by the LVMPD, and that they were "responsible for all or part of the allegations contained herein, which resulted in injuries to Plaintiff." *Motion* (ECF No. 111), *Exhibit 1, Proposed First Amended Complaint*, at 4. Officers Wiggins and Emery were listed as "Officers Involved" in the arrest report on which Plaintiff relied in drafting his complaint, and which is the apparent basis for Plaintiff's current motion to add them as defendants. The arrest report does not contain any other information as to Officers Wiggins and Emery's involvement in Plaintiff's apprehension and arrest.

The principal dispute between the parties is whether the proposed amended complaint will relate back to the filing of the original complaint. There is an initial issue not addressed by the parties, however, regarding whether the proposed amended complaint alleges a plausible claim for relief against Officers Wiggins and Emery. As stated in *Townsend v. King*, 2014 WL 1024009, at *1 (E.D.Ca. March 17, 2014), "[u]nder section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678–79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir.2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id." Plaintiff's proposed amended complaint does not satisfy this standard.

The Court's screening order accorded Plaintiff great leeway in regard to his very general allegations against the individual defendants. It was anticipated that discovery would allow Plaintiff to identify the officers against whom he had plausible claims for relief. *See Order* (ECF No. 28) at 3. The Defendants responded to the complaint, however, by filing the motion to

11

dismiss based on the statute of limitations and obtaining a stay of discovery pending the decision on that motion. Plaintiff therefore had no opportunity to conduct discovery and develop the factual basis for his claims during the five years from when the complaint was filed until Defendants filed their answer in August 2017. Plaintiff's counsel filed the instant motion to amend the complaint on July 30, 2018, which was the last date to amend pleadings and add parties under the scheduling order. Apparently, no factual information has been obtained through discovery as to whether plausible claims for relief exist against Officer Wiggins or Officer Emery.

Orderly and efficient litigation will be better served by first determining whether there are sufficient facts to support a plausible claim for relief against either or both officers. Discovery may also provide facts relevant to whether an amended complaint against these officers will relate back to the filing of the original complaint. The Court will, therefore, deny Plaintiff's motion for leave to join Officers Wiggins and Emery as defendants without prejudice. In light of this ruling, the Court will briefly discuss the requirements for relation back as to these prospective defendants.

Fed.R.Civ.P. 15(a)(2) states that a party may obtain leave of court to amend his pleading, and that leave should be freely given when justice so requires. Leave to amend may be denied, however, if the amendment would be futile. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)). An amendment is futile if the party opposing the amendment shows that it is barred by the statute of limitations. Rule 15(c)(1) provides that an amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out---or attempted to be set out---in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment; (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the

action would have been brought against it, but for a mistake concerning the proper party's identity.

Nevada law provides the applicable statute of limitations for Plaintiff's § 1983 and state law causes of action. *See Butler v. National Comm. Renaissance of California*, 766 F.3d 1191, 1200 (9th Cir. 2014). Nevada law provides two avenues for an amended complaint adding a defendant to relate back to the filing of the original complaint. Rule 10 of the Nevada Rules of Civil Procedure states that "[a] party whose name is not known may be designated by any name and when the true name is discovered, the pleading may be amended accordingly." To utilize this rule, the complaint must (1) plead fictitious or doe defendants in the caption of the complaint; (2) plead the basis for naming defendants by other than their true identity, and clearly specify the connection between the intended defendants and the conduct, activity or omission upon which the cause of action is based; and (3) exercise reasonable diligence in ascertaining the true identity of the intended defendants and promptly move to amend the complaint in order to substitute the actual for the fictional. *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 881, 822 P.2d 1100, 1106 (1991).

Although the use of Doe defendants is not favored in federal courts, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) and *Graziose v. American Home Products Corp.*, 202 F.R.D. 638, 643 (D.Nev. 2001), in cases where Nevada law provides the applicable statute of limitations, the court will apply NRCP 10(a) so long as the original complaint complies with the requirements of the rule. In *Irish-Miller v. LVMPD*, 2015 WL 1530608, at *4-5 (D.Nev. April 6, 2015), the plaintiff's §1983 complaint named Doe Defendants 1 through 30, who were individual members of LVMPD who assisted in, participated in, facilitated, permitted or allowed the violations of Plaintiff's civil rights. The complaint also stated that plaintiff would request leave of court to insert the true names and capacities of Doe defendants when the same were ascertained. *Id.* at *5. Based on this provision, the court granted plaintiff's motion to amend his complaint to add three previously unnamed police officers as defendants.

A pleading filed by a non-lawyer pro se litigant is to be liberally construed and held to less stringent standards than pleadings filed by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94,

127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976)). Even under this lenient standard, Plaintiff's complaint does not satisfy the first two elements of the *Nurenberger* test. The complaint does not allege fictitious or doe defendants in either the caption or body of the complaint. Plaintiff stated in Count I of his complaint that "[d]o to the fact that Defendants were not identify by their position and that they were more than 3 members on the SWAT team group responsible for this violation, I can name only those shown to me on Report." *Complaint* (ECF No. 26), at 8. This is not sufficient to meet the requirement for Doe pleading under NRCP 10. Rule 10 states that a party whose name is not known may be designated by any name and when the true name is discovered, the pleading may be amended accordingly. Plaintiff indicated in his complaint that he was naming as defendants, the police officers listed in the arrest report. Officers Emery and Wiggins were both listed in the report as "Officers Involved." It appears that Plaintiff had information regarding the names of these officers, but chose not to name them as defendants. It is, therefore, doubtful that an amended complaint naming Officers Emery and Wiggins will relate back to the filing of the complaint pursuant to NRCP 10(a).

An amended complaint adding a defendant may also relate back under NRCP 15(c) "if 'the proper defendant (1) receives actual notice of the action; (2) knows that it is the proper party; and (3) has not been misled to its prejudice by the amendment.'" *Costello v. Casler*, 127 Nev. 436, 440, 254 P.3d 631, 634 n. 4 (2011) (quoting *Echols v. Summa Corp.*, 95 Nev. 720, 722, 601 P.2d 716, 717 (1979)). Rule 15(c) is to be liberally construed to allow relation back of the amended pleading where the opposing party will be put to no disadvantage. *Id*. A plaintiff's right to have his or her claim heard on the merits despite technical difficulties, however, must be balanced against a defendant's right to be protected from stale claims and the attendant uncertainty they cause. *Id.*, at 635. Courts are particularly amenable to imputing notice and knowledge when the new and original defendants share an identity or unity of interest. Although the relationship needed to establish an identity of interest for purposes of notice and knowledge varies depending on the underlying facts, the court cited as an example the relationship between a parent and subsidiary corporation, and shared legal counsel. "[T]he fundamental idea is that

when the original and new defendant 'are so closely related in their business operations or other activities[,] . . . the institution of the action against one serves to provide notice of the litigation to the other.'" *Id*.

In *Wyatt v. Owens*, 317 F.R.D. 535 (W.D.Va. 2016), the plaintiff filed a § 1983 complaint against five police officers who allegedly used excessive force in arresting him. On summary judgment, the court dismissed the claims against two of the officers because they were neither present at or involved in the incident. After plaintiff retained counsel, the court permitted him to file an amended complaint naming two other officers in place of the officers who had been dismissed. The newly named defendants moved for summary judgment based on the statute of limitations. *Id*. at 538. In deciding whether the amended complaint related back to the filing of the original complaint, the court applied the notice requirement in Fed.R.Civ.P. 15(c)(1)(C) which is substantially the same as the notice requirement in NRCP 15(c). The court stated that "[i]n the context of Rule 15(c), the newly named defendant must have either actual or presumed notice of the action." *Id*. at 539 (citing *W.Contracting Corp. v. Bechtel Corp*., 885 F.2d 1196, 1201 (4th Cir. 1989)).

In finding that the new defendants had actual notice of the action, the court stated that they "were both present at the incident and participated in the alleged beating." *Id*., 317 F.R.D. at 540. In addition, one of the new defendants requested a copy of the dashboard camera footage of the incident and showed it to the other defendant because he anticipated that there would be a use of force investigation. The defendant also listened to calls that plaintiff made from prison in which he expressed a desire to file a lawsuit regarding his injuries. The court stated that because "actual notice may be formal or informal," the defendants' action "strongly suggest[ed] that they had actual notice of the suit well within the statute of limitations period." *Id*. (citing *Goodman v. Praxair, Inc*., 494 F.3d 458, 469-70 (4th Cir. 2007)). The court also held that the new defendants had presumptive notice of the action within the statute of limitations or the 120 day period after the action was filed. The court stated that the new defendants, "by virtue of working alongside the three original defendants, received informal notice of the claim. In fact, they work in the same room as the original defendants. Based on the relationship and close working quarters of

the five defendants, the Court may conclude that [the new defendants] receive sufficient notice of the pending suit." The court also found no evidence that the new defendants would be prejudiced by being joined in the action. *Id*.

Plaintiff has not presented evidence that Officers Wiggins or Emery had actual notice of the lawsuit within the statute of limitations period or within 120 days after the complaint was filed. Nor has he shown a nexus between Officers Wiggins and Emery and the other defendants sufficient to establish presumed notice. If Plaintiff is able to establish plausible claims for relief against Officers Wiggins and Emery, however, he may also be able to establish facts showing that these Defendants had actual or presumed notice of the lawsuit sufficient to support relation back under NRCP 15(c) and Fed.R.Civ.P. 15(c)(1)(C).[4]

**3. Plaintiff's Motion for Leave to Allege Claims Against Doe Defendants I-XX.**

Plaintiff requests leave to allege claims against Doe Defendants I-XX. As stated above, the use of Doe allegations is not favored in federal court. A plaintiff arguably should be allowed to make Doe allegations in an amended complaint, however, if it will allow him to benefit from the relation back doctrine under NRCP 10(a). The events at issue in this case, however, occurred more than 9 years ago, and the statute of limitation for claims arising from those events expired more than 7 years ago. The substitution of a named individual for a Doe defendant would only relate back to the date an amended complaint alleging Doe Defendants was filed. It would not relate back to the date of the original complaint which contained no Doe allegations. The proposed amendment to add Doe Defendants would therefore be futile.

**4. Plaintiff's Motion to Clarify Third and Fifth Causes of Action.**

Plaintiff requests leave to amend the complaint to allege a revised cause of action for negligence, proposed Count IV, and a § 1983 cause of action against the Las Vegas Metropolitan Police Department pursuant to *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978), proposed Count V. The Court will grant the proposed amendments.

---

[4] Defendants have asserted other grounds in opposition to relation back of an amended complaint adding Officers Wiggins and Emery as defendants. This order does not preclude Defendants from again raising those arguments in response to a future motion for leave to amend to add Officers Wiggins and Emery as defendants.

Count IV of the complaint (ECF No. 26) alleges a claim entitled "Negligence," which appears to contain both a claim for negligence against specific individual defendants, and what is, in effect, a *Monell* claim against former Sheriff Douglas Gillespie and the LVMPD. *Complaint* (ECF No. 26), at 11-12. Here, Plaintiff's counsel seeks to clarify the pleadings by alleging a separate claim for negligence and a separate claim for *Monell* liability against the LVMPD. These amended claims arise out of the conduct, transaction or occurrence that Plaintiff attempted to allege in his original complaint. They therefore relate back to the filing of the original complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 111) is **granted**, in part, and **denied**, in part as follows:

1. Plaintiff is granted leave to file an amended complaint correcting the spelling of Defendant Hard's surname to Hart.

2. Plaintiff is granted leave to file an amended complaint revising and clarifying Plaintiff's negligence and *Monell* claims.

3. Plaintiff is granted leave to serve the amended complaint on Defendants Hard (Hart), Aiken and Fowler. Defendants' counsel shall notify Plaintiff's counsel within **fourteen (14) days** of the filing of this order whether he will accept service of the amended complaint on behalf of Defendants Hard (Hart), Aiken and Fowler. If Defendants' counsel does not accept service on their behalf, then he shall provide Plaintiff's counsel with the current or last known addresses of Defendants Hard (Hart), Aiken and Fowler so that Plaintiff may obtain service of the summons and complaint on them. Plaintiff shall promptly provide the necessary information to the United States Marshal so that he may serve these defendants.

4. Plaintiff's motion for leave to add Office Wiggins and Emery as defendants is denied, without prejudice.

. . .

. . .

. . .

. . .

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion for leave to allege claims against Doe Defendants I-XX be denied because such an amendment would not relate back to the filing of the original complaint, and any claim against a named defendant substituted in place of a Doe Defendant, would be barred by the statute of limitations.

DATED this 16th day of October 2018.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**