UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BILLY CEPERO,

    Plaintiff(s),

v.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

    Defendant(s).

Case No.: 2:11-cv-01421-JAD-NJK

**ORDER**

(Docket Nos. 137, 141)

Pending before the Court is Plaintiff's motion for court-appointed experts. Docket No. 137. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 137, 142, 146. Also pending before the Court is Plaintiff's motion to strike non-retained experts of Defendants. Docket No. 141. The Court has considered Plaintiff's motion, Defendants' response, and Plaintiff's reply. Docket Nos. 141, 143, 137. The motions are properly decided without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

On November 7, 2011, the Court ordered that Plaintiff may proceed on his claims of excessive use of force and assault and battery related to his arrest on August 26, 2009. Docket No. 9 at 10. On November 27, 2018, Plaintiff filed an amended complaint alleging excessive use of force, assault and battery, intentional infliction of emotional distress, negligence, and a civil rights violation under § 1983. Docket No. 125 at 6-12. Plaintiff previously brought a motion to appoint expert on July 10, 2018, which the Court denied without prejudice on August 2, 2018. Docket Nos. 108, 117. On April 17, 2019, Defendants disclosed their initial expert witnesses and reports. *See* Docket No. 141-1. Defendants retained a medical expert to review limited medical records, photos of wall damage that occurred during Plaintiff's arrest, and transcripts from Plaintiff's trial in state court. *Id*. at 20-23. Defendants' disclosure also included Las Vegas Metropolitan Police

Department ("LVMPD") officers and/or 30(b)(6) witnesses, specifically naming officers not named as Defendants. *Id*. at 2-3. On April 15, 2019, Plaintiff disclosed his treating physicians as non-retained treatment provider experts. Docket No. 141-2 at 7-11.

## II. STANDARDS

### A. Motion for Court-Appointed Experts

The *in forma pauperis* statute, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid prisoners or other indigent litigants. *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008) (quoting *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir.1995)); *see also Faletogo v. Moya*, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013). Instead, the district court has discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence which reads, in part, "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." *Lopez v. Scribner*, 2007 WL 1215420 (E.D. Cal. Apr. 24, 2007) (citing Fed. R. Evid. 706(a); *see also Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir.1999)).

A Rule 706 expert does not serve as an advocate for any party and each party retains the ability to call its own experts. Fed. R. Evid. 706(e). Rule 706 permits the appointment of an unbiased, neutral expert only if the expert's opinion would promote accurate fact finding and only where an expert would be particularly helpful evaluating complex or confusing evidence, such as scientific, technical, or other specialized knowledge. *Gorton v. Todd*, 793 F. Supp.2d 1171, 1179 (E.D. Cal. June 29, 2011; s*ee also Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). The court should also consider whether (1) appointment of an expert will promote accurate factfinding; (2) testimony from the parties' experts is sufficient to reveal the facts; and (3) the claim raises constitutional concerns. *Gorton*, 793 F Supp. 2d at 1171, 1182. A court-appointed expert is entitled to reasonable compensation and, in civil cases, the compensation is paid by the parties in proportion and at such time as the court directs; however, where one party is indigent, the court may apportion all the cost to one side. *O'Neill v. Bannister,* 2012 WL 12542743, at *2 (D. Nev. Aug. 29, 2012).

2

In asking the Court to appoint experts in the instant case, Plaintiff submits that expert testimony is required regarding his alleged not-readily observable injuries such as head trauma, neck and back pain, grief, and headaches. Docket No. 137 at 12. Plaintiff additionally submits that expert opinion is needed to resolve the factual dispute regarding the source and cause of the injuries. *Id*. Plaintiff further submits that expert testimony is necessary regarding the medical treatment he received or should have received, and the value of such treatment. *Id*. at 13. Finally, Plaintiff submits that these issues constitute complex medical issues and present a serious dispute that can only be resolved or understood through expert testimony. *Id*.

In response, Defendants submit that the circumstances of this case do not present exceptional or compelling situations warranting the Court's appointment of an expert. Docket No. 142 at 10-11. Defendants further submit that Plaintiff's motion is untimely, as the deadline to disclose experts expired on April 17, 2019. *Id*. Additionally, Defendants submit that Plaintiff's motion seeks an expert to support his claim, which falls outside the scope of Rule 706, and that the Court should not partake in the business of advocating Plaintiff's case for him. *Id*. at 11-12. Defendants submit that the *in forma pauperis* statute, 28 U.S.C. § 1915, does not entitle the expenditure of public funds for witnesses, and that expending public funds for an expert exposes the public to a costly burden. *Id*. at 12-13. Defendants also submit that Plaintiff's motion fails to comply with the procedural processes set forth in Rule 706. *Id*. at 13. Finally, Defendants submit that Plaintiff's claims are focused on subjective analysis which does not involve the evaluation of complex scientific evidence; therefore, a Rule 706 expert is not appropriate in this case. *Id*. at 14.

In reply, Plaintiff submits that he seeks the appointment of a neutral expert and acknowledges that this appointment is at the discretion of the Court. Docket No. 146 at 8, 10-11, 14. Plaintiff submits that his medical treatment providers are insufficient as expert witnesses because they are considered non-retained experts and, therefore, cannot opine on a variety of issues, including the opinions of other treating physicians, causation, future damages, hypotheticals, the reasonableness and necessity of other treatments, or the fees and costs associated with other treatments. *Id*. at 9-10. Plaintiff additionally submits that his motion is timely because he relied on Defendants' representations that they were not retaining experts and were not challenging causation; however,

3

once Defendants disclosed their experts on the expert disclosure deadline, Plaintiff renewed his motion. *Id*. at 11. Plaintiff also submits that, because an injury is a subjective condition, expert opinion is required to establish a causal connection between the incident and the injury. *Id*. at 12. Plaintiff further submits that Defendants' concerns over the potential cost of appointing experts in prisoner's rights cases is unwarranted considering the fact thar only a paucity of cases endure to the point of appointing experts. *Id*. at 14-15. Finally, Plaintiff submits that he has followed the correct procedure to ask the Court to appoint a Rule 706 expert. *Id*. at 16.

The Court finds that, under the circumstances of this case, Plaintiff's motion is timely. The Court further finds that the legal issues involved in this action are not particularly complex and, therefore, the appointment of an expert to promote accurate factfinding is not necessary. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (finding that district court decision to appoint independent expert to assist court in evaluating contradictory evidence about elusive disease of unknown origin was appropriate). The Court finds that the testimony of a neutral expert is not required to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Further, the Court finds that the parties' disclosed experts are sufficient to evaluate the facts of this case. Accordingly, Plaintiff's motion for court-appointed experts, Docket No. 137, is **DENIED**.

**B. Motion to Strike Non-Retained Experts of Defendants**

Rule 26(a)(2) requires a party to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." *See* Fed. R. Civ. P. 26(a)(2). A non-retained expert witness, who is not required to provide an expert report, may testify as both a fact witness and an expert witness under Evidence Rule 702, 703, or 705. *Alfaro v. Las Vegas, Inc.,* 2016 WL 4474321, at *5-6 (D. Nev. Aug. 24, 2016).

Federal case law is divided on the question of whether an employee expert witness whose testimony is based on facts or data obtained and reviewed for the purpose of testifying should be required to comply with Rule 26(a)(2)(B) and, therefore, produce an expert report. *Allstate Ins. Co. v. Nassiri*, 2011 WL 2975461, at *7 (D. Nev. July 21, 2011). This Court has held that under Rule 26(a)(2)(B), reports are required only from witnesses "retained or specially employed to

provide expert testimony" or from a party's employee "regularly involve[d in] giving expert testimony." *Allstate Ins. Co. v. Balle*, 2013 WL 5564190, at *2 (D. Nev. Oct. 7, 2013).

Plaintiff submits that Defendants failed to properly designate their unidentified Rule 30(b)(6) designees, unidentified LVMPD officers, and identified LVMPD officers as non-retained experts. Docket No. 141 at 4. Plaintiff submits that, although Defendants do not identify their employees as either retained or non-retained experts, the experts are ostensibly non-retained expert witnesses because no report, curriculum or fee schedule is attached. *Id*. at 6. Plaintiff additionally submits that Defendants offer their employee witnesses to opine on dozens of unrelated topics and do not identify which employee is to testify on which topic. *Id*. at 6-7. Plaintiff further submits that the general designation of "LVMPD Officers and/or 30(b)(6) witnesses" fails to identify the witnesses with specificity, fails to support Defendants' contention that they are non-retained experts, and fails to provide him with a reasonable opportunity for cross-examination. *Id*. at 7. Further, Plaintiff submits that, if properly disclosed, no attorney-client privilege between the non-retained experts and counsel exists. *Id*. at 7-9. Plaintiff submits that Rule 26, as amended in 2010, protects communications between a party's attorney and reporting experts, but it does not include protections for communications between attorneys and non-reporting expert witnesses. *Id*. at 7-8. Plaintiff submits, therefore, that Defendants waived their attorney-client privilege when they identified the LVMPD officers and Rule 30(b)(6) designees as non-retained expert witnesses. *Id*. at 9.

In response, Defendants submit that Plaintiff fails to comply with Local Rule 26-7(b), which requires that discovery motions include a certification that, after personal consultation and sincere effort to do so, the parties are not able to resolve the matter without court intervention; however, Plaintiff fails to certify that a proper meet and confer existed. Docket No. 143 at 7-8. Defendants additionally submit that their expert disclosures complied with Rule 26. *Id*. at 8-9. Defendants submit that their disclosures were timely, that they supplemented the disclosures with further subject matter, facts, and opinions, and that Plaintiff has not provided any evidence that the non-retained experts are either specifically retained to provide expert testimony or that their primary duties include giving expert testimony. *Id*. at 10. Defendants also submit that courts have

5

expressly allowed police officers and other county employees to act as non-retained experts and that no legitimate basis exists for the Court to strike their non-retained experts. *Id*. at 11-15. Defendants further submit that the public's interest in expeditious resolution of litigation, the Court's need to manage its docket, the public policy favoring disposition of cases on their merits, and the fact that less drastic sanctions are available all favor not striking their experts because there is no delay resulting from their disclosure, their disclosure does not impede the management of the docket, and deciding the case on the merits may require testimony from one of their experts. *Id*. at 13-15. Defendants submit that there is no prejudice to Plaintiff because Defendants' timely disclosure identified the anticipated subject matter, facts, and opinions, and Plaintiff is already set to take the depositions of the Rule 30(b)(6) witnesses on June 26, 2019. *Id*. at 13-14.

Finally, Defendants submit that Plaintiff's argument concerning a waiver of attorney-client privilege is not persuasive and that he fails to apply the facts and circumstances of this case in the context of the law he presents. *Id*. at 16. Defendants submit that non-retained experts are entitled to the same attorney-client protection as lay witnesses. *Id*. Defendants further submit that, while some courts have found that designated hybrid fact and expert witnesses with percipient knowledge of the facts at issue in the litigation may have waived applicable privileges in order to permit discovery into such witnesses' communications with attorneys, courts have also been clear that wholesale waiver is dangerous. *Id*. at 17. Defendants submit that an individualized analysis of each witnesses is required to determine if the privilege has been waived. *Id*. at 17-18.

In reply, Plaintiff submits that he was not required to meet and confer prior to bringing his motion. Docket No. 147 at 2. Plaintiff further submits that exclusionary sanctions under Rule 37, including as applied to the disclosure of expert witnesses and pretrial disclosures, are automatic or self-executing; therefore, there is no meet and confer requirement prior to bringing a motion to exclude under Rule 37. *Id*. at 2-3. Plaintiff also submits that Defendants' non-retained witnesses, who are not individual Defendants, have no connection to the case, did not observe the relevant events, and do not qualify as non-retained experts. *Id*. at 5. Plaintiff submits that, while police officers can constitute proper non-retained experts in a specialized field, Defendants' disclosure fails to sufficiently identify which witness is opining on which topic, the basis for their opinions,

a summary of their opinions, or a summary of the facts upon which they rely. *Id*. at 5-6. Finally, Plaintiff submits that, without this information, it is not clear that the witnesses are qualified to testify or that their testimony is relevant and reliable. *Id*. at 6-7.

The Court finds that none of the employees listed by Defendants was retained or specially employed to provide testimony and, further, none appears to regularly provide expert testimony as part of his or her employment. *See Nassiri,* 2011 WL 2975461, at *6; *Balle*, 2013 WL 5564190, at *2-3. Further, the Court finds that Defendants' expert disclosures complied with Rule 26. Finally, the Court finds that Plaintiff's argument concerning Defendants' waiver of privilege is undeveloped.[1] Accordingly, Plaintiff's motion to strike non-retained experts of Defendants, Docket No. 141, is **DENIED**.

IT IS SO ORDERED.

Dated: June 26, 2019.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court considers only well-developed arguments presented. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).