# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Billy Cepero,<br><br>      Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>      Defendants | Case No.: 2:11-cv-01421-JAD-NJK<br><br>**Order Overruling Plaintiff's Objections to the Magistrate Judge's Order Denying his Motions to Strike and for a Court-appointed Expert**<br><br>[ECF No. 149] |

Plaintiff Billy Cepero brings this civil-rights case to challenge his 2009 arrest, during which he claims that defendants Las Vegas Metropolitan Police Department (LVMPD) and individual detectives or officers caused him substantial injuries that required surgery.[1] After Cepero disclosed eight of his treating providers as non-retained experts, he moved for a court-appointed expert[2] and to strike defendants' non-retained experts.[3] Magistrate Judge Nancy J. Koppe denied both motions because, among other reasons, (1) an appointed expert would not "promote accurate factfinding," given that the "legal issues in this action are not particularly complex" and the eight other non-retained experts are available; and (2) defendants complied with the disclosure requirements for their non-retained experts.[4] Cepero objects to that order, raising arguments that are substantially similar to the ones he made to Judge Koppe, and arguing that Judge Koppe failed to articulate the bases for her conclusions.[5] Because

---

[1] ECF No. 125 (amended complaint).

[2] ECF No. 137 (second motion for court-appointed expert).

[3] ECF No. 141 (motion to strike defendants' experts).

[4] ECF No. 148 (order denying motions).

[5] ECF No. 149 (objection to the magistrate judge's order).

Cepero hasn't shown that Judge Koppe's order was clearly erroneous of or contrary to law, I overrule his objection.

## Background

In 2010, Billy Cepero was tried by a jury and convicted under Nevada's large habitual criminal statute for home invasion, a category A felony under Nevada Revised Statute § 205.067.[6]  He was sentenced to life with a possibility of parole after 10 years.[7]  Cepero filed this civil-rights lawsuit claiming that he sustained serious injuries by "a barrage of large, armed officers, SWAT teams and K-9 units" during his arrest.[8]

In April 2019, defendants served their expert disclosures, which listed 20 LVMPD employees whom defendants anticipate may testify as non-retained experts, among others.[9] Cepero named these employees in his amended complaint and alleges state-law tort and federal excessive-use-of-force claims against them.[10]  Cepero served his expert disclosures on the same day, listing eight of his treating providers as non-retained experts.[11]  After receiving defendants' expert disclosures, Cepero did not contact defendants with his concerns about the disclosures.[12] Instead, he filed a motion to strike defendant's non-retained experts and moved for a court-

---

[6] ECF Nos. 143-2, 143-3, 143-6.

[7] ECF No. 143-6.

[8] ECF No. 125.

[9] ECF No. 143-9.

[10] ECF No. 125.

[11] ECF No. 143-7.

[12] ECF No. 143-1.

appointed expert.[13]  Magistrate Judge Koppe denied both requests,[14] and Cepero objects to that ruling.[15]

**Discussion**

**I.    Standard for objections to a magistrate judge's order on pretrial matters**

When a litigant challenges a magistrate judge's ruling on a pretrial matter like this one, she must show that the "order is clearly erroneous or contrary to law."[16]  The clearly erroneous standard applies to a magistrate judge's findings of fact.[17]  "A finding is clearly erroneous when[,] although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[18]  A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure."[19]  "The district judge may affirm, reverse, or modify in whole or in part, the magistrate judge's order" or "remand the matter to the magistrate judge with instructions."[20]

**II.    Cepero's motion for a court-appointed expert [ECF No. 137]**

**A.  Standard for court-appointed expert witnesses**

Federal Rule of Evidence 706 allows courts to appoint and determine the compensation for a neutral expertwitness, on its own or by a party's motion.  "The principal purpose of a court-

---

[13] ECF Nos. 137, 141.

[14] ECF No. 148.

[15] ECF No. 149.

[16] 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a).

[17] *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623 (1993).

[18] *Id*. at 622 (internal quotation marks and citation omitted).

[19] *Glob. Advanced Metals USA, Inc. v. Kemet Blue Powder Corp.*, 2012 WL 3884939, at *3 (D. Nev. Sept. 6, 2012).

[20] LR IB 3-1(b).

appointed expert [under] Rule 706[] is to assist the trier of fact, not to serve as an advocate for a party."[21]   Courts tend to appoint Rule 706 experts only in particularly complex cases.[22]   Further, a plaintiff who is indigent or a prisoner and is proceeding *in forma pauperis* like Cepero is not entitled to a court-appointed expert under the *in forma pauperis* statute,[23] so the plaintiff must show that a court-appointed expert would promote factfinding.[24]

### B. Judge Koppe's denial of Cepero's motion for a court-appointed expert is not clearly erroneous or contrary to law.

Judge Koppe articulated two reasons for her determination that the court doesn't need a court-appointed expert in this case: (1) "the legal issues involved in this action are not particularly complex," and (2) "the parties' disclosed experts are sufficient to evaluate the facts of this case."[25]   Cepero objects to that ruling, arguing that Judge Koppe "fail[ed] to articulate [a] valid reason for [the] ruling, which is required when exercising discretion under Rule 706."[26] Relying on the Ninth Circuit's opinion in *McKinney v. Anderson*[27] and an out-of-district case

---

[21] *Bontemps v. Lee*, 2013 WL 417790, at *3 (E.D. Cal. Jan. 31, 2013).

[22] *See Gorton v. Todd*, 793 F. Supp. 2d 1171, 1179 (E.D. Cal. 2011) ("Ultimately, the most important question a court must consider when deciding whether to appoint a neutral expert witness is whether doing so will promote accurate factfinding."); *In re Joint E. & S. Districts Asbestos Litig.*, 830 F. Supp. 686, 693 (E.D.N.Y. 1993) (providing that a court should reserve its power to appoint an expert for cases involving complex legal and evidentiary issues, like mass-tort cases).

[23] *See* 28 U.S.C. § 1915.

[24] *Gorton*, 793 F. Supp. 2d at 1185 (providing additional factors that courts may consider in determining whether to appoint an expert, despite a party's pro se or indigent-prisoner status).

[25] ECF No. 148 at 4.

[26] ECF No. 149 at 4.

[27] *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *cert. granted, judgment vacated sub nom. Helling v. McKinney*, 502 U.S. 903 (1991), *and judgment reinstated*, 959 F.2d 853 (9th Cir. 1992).

*Gorton v. Todd*,[28] Cepero asserts that Judge Koppe was required to make specific findings before denying the motion.

Cepero misreads both cases. The *McKinney* court held that the magistrate judge in the underlying case adopted "an unduly restrictive reading of the rule" in denying a party's motion for a court-appointed expert based solely on that party's indigent status and without considering the complexity of the evidence in the case.[29] And *Gorton* specifically notes that several circuit courts have required district courts to "expressly articulate a reasoned explanation for [denying a rule 706 motion],"[30] but "the Ninth Circuit has not offered an opinion on this question."[31] Even if *Gorton* were binding on this court, Judge Koppe's explanation exceeds the thin one that that the magistrate judge provided in *Gorton*: "At this time, appointment of a medical expert is not warranted. Accordingly, plaintiff's motions are denied."[32] Finally, the single Ninth Circuit case since *Gorton* on this issue merely discusses the scope of a court-appointed expert's testimony, not the degree of specificity required of a magistrate judge when ruling on the motion.[33] Neither case shows that Judge Koppe's determination, while pithy, was clearly erroneous or contrary to

---

[28] *Gorton*, 793 F. Supp. 2d at 1179.

[29] *McKinney*, 924 F.2d at 1511.

[30] *Gorton*, 793 F. Supp. 2d at 1178 (quoting *Gaviria v. Reynolds*, 476 F.3d 940, 945 (D.C. Cir. 2007), and citing *Steele v. Shah*, 87 F.3d 1266, 1270–71 (11th Cir. 1996), and *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)).

[31] *Id*. at 1179.

[32] *Gorton*, 793 F. Supp. 2d at 1179 (internal citation omitted).

[33] *Claiborne v. Blauser*, 934 F.3d 885, 889 (9th Cir. 2019) ("[T]he district court seemed to categorically limit the relevance of a medical expert to testifying about a plaintiff's current condition. Yet courts have regularly considered requests for and appointed experts to review medical records and testify about prior medical needs and treatment in deliberate[-]indifference cases.").

law simply because she declined to explain for pages the two reasons why she found that a court-retained expert was not necessary here.

Cepero also argues that Judge Koppe erred in concluding that the "legal issues" in this case did not warrant the appointment of an expert, when only the complexity of the factual issues is relevant.[34] Cepero relies on *Walker v. American Home Shield Long Term Disability Plan*[35] for his assertion. The *Walker* court found that the district court should have appointed an expert after it found that the evidence was "confusing and conflicting," but that case does not stand for the proposition that a court may only consider the complexity of the factual issues. Moreover, while Cepero claims that the facts surrounding the cause and extent of his injuries and the adequacy of medical treatment that he received are particularly complex, the magistrate judge found that the testimony of his eight treating providers was sufficient to illuminate the court about those issues.[36] Rule 706 does not allow the court to appoint an expert for a party's benefit, and where, as here, the court does not need an additional, neutral expert, that appointment would be improper. Accordingly, I overrule Cepero's objection.

**III.     Cepero's motion to strike [ECF No. 141].**

> **A.  Disclosure requirements for retained and non-retained experts and Rule 37(c)(1) exclusionary sanctions**

Federal Rule of Civil Procedure 26(a)(2)(A) states that "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence" and requires additional disclosures for witnesses who will present evidence under Federal Rules of Evidence

---

[34] ECF No. 149 at 5.

[35] *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).

[36] *Id*.

702, 703, or 705. For non-retained experts, the party need only disclose "(i) the subject on which

the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify."[37] Non-

retained experts are those "employees of a party who do not regularly provide expert

testimony."[38] By contrast, a witness who is "retained or specially employed to provide expert

testimony . . . or one whose duties as the party's employee regularly involve giving expert

testimony" must submit a written report in accordance with Rule 26(a)(2)(B).

Despite the relaxed disclosure requirement for non-retained experts, the Rule 26(a)(2)(C)

disclosure must still contain enough detail to allow the opposing party to make "an informed

decision on which, if any, . . . [witness] it should depose" or cross-examine.[39] An inadequate

disclosure may result in an exclusionary sanction for that witness under Rule 37(c)(1).[40] But

Rule 37(c)(1) allows the trial court to permit inadequately disclosed expert testimony if the

failure to disclose "was substantially justified or is harmless."[41]

---

[37] Fed. R. Civ. P. 26(a)(2)(C). "This disclosure is considerably less extensive than the report required" for retained experts under Rule 26(a)(2)(B). *See* Fed. R. Civ. P. 26 Advisory Comm. Notes (2010).

[38] *Id*.

[39] *See Pineda v. City & Cty. of San Francisco*, 280 F.R.D. 517, 523 (N.D. Cal. 2012) ("Without information as to the opinions Plaintiffs' non-retained expert witnesses are expected to testify to and the main facts on which these opinions are based, Defendant's ability to meaningfully depose or cross-examine these witnesses is undermined.").

[40] *Goodman*, 644 F.3d at 827 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (quoting Fed. R. Civ. P. 37 Advisory Comm. Note) (explaining that Rule 37(c)(1)'s self-executing sanction provision "gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed.")).

[41] *Id*. (citing Fed. R. Civ. P. 37(c)(1)).

**B. Judge Koppe's determination that defendants' non-retained-expert disclosure was satisfactory is not clearly erroneous or contrary to law.**

Judge Koppe determined that defendants neither retained, specially employed, nor regularly required their witnesses to give expert testimony, so defendants' summary expert disclosures satisfied Rule 26's disclosure requirements for non-retained experts.[42] Judge Koppe relied on two unpublished decisions from this district—*Allstate Ins. Co. v. Belle*[43] and *Allstate Ins. Co v. Nassiri*[44]— that analyze the disclosure requirements for retained and non-retained experts after the 2010 amendments to Rule 26. Cepero claims that these non-binding authorities are contrary to law, but he fails to cite a single case for support, so he hasn't meet his burden of showing that Judge Koppe's order was contrary to law.[45]

Cepero's second critique of Judge Koppe's order is that she didn't specifically address his argument about whether the disclosures were sufficiently specific for him to determine whom to depose and for which topic.[46] He contends that he is prejudiced because he has "no way to prepare responsive evidence or expert testimony, no way to mount a *Daubert* challenge, and no fair chance to prepare for trial."[47] Defendants respond that even if their non-retained expert disclosure was inadequate, "the failure was substantially justified or harmless"[48] such that Cepero is not entitled to an exclusionary sanction under Rule 37. However, I need not determine

---

[42] ECF No. 148 at 7.

[43] *Allstate Ins. Co. v. Belle*, 2013 WL 5564190 (D. Nev. Oct. 7, 2013).

[44] *Allstate Ins. Co v. Nassiri*, 2011 WL 2975461 (D. Nev. July 21, 2011).

[45] ECF No. 149 at 7–13.

[46] *Id*. at 10–13.

[47] *Id*. at 13.

[48] Fed. R. Civ. P. Rule 37(c)(1).

whether an exclusionary sanction is appropriate here because there is no underlying finding that defendants' expert disclosure was inadequate. A sanction under Rule 37(c)(1) is appropriate "*if a party fail[ed]*" to make the required disclosures.[49] Judge Koppe determined that defendants' disclosure was adequate and Cepero hasn't shown otherwise in his objection.

Cepero's argument that he does not know what each of the retained experts will testify about is not persuasive because he names the witnesses as defendants in his amended complaint.[50] These defendants are LVMPD officers or employees whom Cepero alleges were involved in his arrest and caused his injuries.[51] I note that defendants contend, and Cepero does not deny, that he did not "in good faith confer or attempted to confer" with defendants about his disaffection with this disputed expert disclosure as required under Rule 37(a)(1) before seeking an exclusionary sanction.[52] Accordingly, I overrule his objection to Judge Koppe's denial of his motion to strike defendant's non-retained experts.

**Conclusion**

IT IS THEREFORE ORDERED that the plaintiff's objection to the magistrate judge's order denying plaintiff's motion for a court-appointed expert **[ECF No. 137] is OVERRULED**.

---

[49] *Id.* (emphasis added); *see also Wells Fargo Bank, N.A. v. AMC Vista I, LLC*, 2015 WL 5286825, at *1 (D. Nev. Sept. 10, 2015) ("When a party fails to meet its expert[-]disclosure obligations, the Court turns to Rule 37(c) to determine whether sanctions are appropriate . . . . The party facing the sanction has the burden of showing substantial justification or harmlessness.") (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106–07 (9th Cir. 2001)).

[50] ECF No. 125.

[51] *Id.*

[52] *See* Fed. R. Civ. P. 37(a)(1) (requiring parties to confer to resolve discovery issues before filing a motion to compel or for an exclusionary sanction).

IT IS FURTHER ORDERED that the plaintiff's objection to the magistrate judge's order denying plaintiff's motion to strike **[ECF No. 141] is OVERRULED**.

DATED January 30, 2020.

_____
Jennifer A. Dorsey
United States District Judge