UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Billy Cepero,

    Plaintiff

v.

James Bonkavich,

    Defendant

Case No.: 2:11-cv-01421-JAD-NJK

**Order Granting in Part Plaintiff's Motions in Limine**

[ECF Nos. 200, 201][1]

    Billy Cepero sues Officer James Bonkavich under 42 U.S.C. § 1983 for excessive force during Cepero's arrest after fleeing from police.  In anticipation of trial next month, Cepero moves in limine to preclude two topics: (1) testimony or argument that "police officers risk their lives every day" and (2) evidence of Cepero's prior arrests, along with his convictions that are more than ten years old.  Because the dangers that police generally face are not relevant, I grant Cepero's request to exclude that broad discussion from trial.  But the risks that Bonkavich has personally faced in the line of duty are relevant to his conduct here, so that topic will not be barred.  I then deny Cepero's motion to exclude evidence of his prior criminal-justice encounters because his blanket request fails to demonstrate that exclusion of any particular arrest or conviction is merited.

## Discussion

    A motion in limine permits the court to rule on the admissibility of evidence or testimony in advance of trial.[2]  Though not explicitly authorized by the Federal Rules of Evidence (FRE),

---

[1] Corrected images of ECF Nos. 200 and 201 were filed at 205 and 206, respectively.  Other than in the caption, I cite to the latter two throughout this order.

[2] *United States v. Heller*, 551 F.3d 1108, 1111–12 (9th Cir. 2009); *see Ohler v. United States*, 529 U.S. 753, 754–55 (2000) (affirming the district court's decision to admit prior felony convictions in limine).

the practice of ruling in limine on evidentiary issues is based on the "district court's inherent authority to manage the course of trials."[3]  "However, in limine rulings are not binding on the trial judge, and the judge may always change [her] mind during the course of a trial."[4]  And denying a motion in limine does not guarantee that all evidence raised in the motion will be admissible at trial;[5] it "merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[6]

## I. Risks generally faced by law enforcement are not relevant.

The central inquiry in an excessive-force claim is how "the nature and quality of the intrusion on the individual's Fourth Amendment interests" weighs against "the countervailing government interests at stake."[7]  This analysis consists of three steps.[8]  Courts first "assess the gravity of the particular intrusion on Fourth Amendment interests by evaluating the type and amount of force inflicted."[9]  Then courts "assess the importance of the government interests at stake by evaluating: (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight."[10]  Finally, courts "balance the gravity of

---

[3] *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

[4] *Ohler*, 529 U.S. at 758 n.3 (emphasis omitted) (citing *Luce*, 469 U.S. at 41–42).

[5] *Tracey v. Am. Fam. Mut. Ins. Co.*, 2010 WL 3724896, at *2 (D. Nev. Sept. 17, 2010) (citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

[6] *Id.*

[7] *Graham v. Connor*, 490 U.S. 386, 396 (1989) (cleaned up).

[8] *See Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003).

[9] *Id.* (citation omitted).

[10] *Id.* (citation omitted).

the intrusion on the individual against the government's need for that intrusion to determine whether it was constitutionally reasonable."[11]

Citing no legal authority aside from broad references to FRE 401, 402, and 404(b),[12] Cepero contends that "the argument that 'police officers risk their lives every day' has no probative value in determining whether the specific conduct of [Cepero] and/or [the Las Vegas Metropolitan Police Department] employees or agents in this instance violated" Cepero's rights.[13] He seeks to exclude such references from witnesses' testimonies and from closing arguments.[14] Bonkavich responds that "police officers' experiences are relevant in assessing the reasonableness of their conduct" and that "the risks they face have a significant impact on [such] conduct."[15] Bonkavich points out that there don't appear to be "any cases in the Ninth Circuit regarding this issue," and he cites to four cases from district courts in the Sixth and Seventh Circuits addressing it.[16]

In each of those cases, like here, the plaintiffs moved in limine to bar comments about the general risks that police officers face in the line of duty.[17] The courts took a range of approaches in deciding the motions: some denied them outright[18] and others granted them in part, limiting

---

[11] *Id.* (citations omitted).

[12] ECF No. 205 at 5–6.

[13] *Id.* at 5.

[14] *Id.* at 1, 6.

[15] ECF No. 211 at 18.

[16] *Id.* at 18–20 (citing *Smith v. Garcia*, 2018 WL 461230, at *3 (N.D. Ill. Jan. 18, 2018); *Owens v. Ellison*, 2017 WL 1151046, at *5 (N.D. Ill. Mar. 28, 2017); *Palmer v. Allen*, 2017 WL 218077, at *12–13 (E.D. Mich. Jan. 19, 2017); *Martinez v. City of Chicago*, 2016 WL 3538823, at *25 (N.D. Ill. June 29, 2016)).

[17] *See id.*

[18] *See, e.g., Martinez*, 2016 WL 3538823, at *25.

3

testimony and argument to the risks officers faced in each of those specific cases.[19]  For example, the court in *Palmer v. Allen* struck a balance, ruling that "[d]efendant officers may not make generalized arguments about the risk of police work, and must limit their arguments to the course of conduct they took in this case and the reasonableness of such conduct."[20]  The *Palmer* court "grant[ed] both parties certain leeway in making their closing arguments," noting that "[a]rgument as to the risks of police work personally experienced by [d]efendant officers is not so far beyond the scope of relevance or so prejudicial that it requires exclusion under Rules 401 or 403."[21]  It reserved the ability to "entertain objections at trial" if the "arguments bec[a]me gratuitous."[22]

I find the *Palmer* court's approach well-reasoned and adopt it here.  Under FRE 401, "[e]vidence is relevant if . . . it has any tendency to make a fact [of consequence] more or less probable than it would be without the evidence."[23]  The general proposition that police officers face risks in their everyday duties doesn't have a tendency to make any fact of consequence more or less probable in this case.  But Bonkavich's prior professional experiences "may be relevant in assessing the reasonableness of [his] conduct"[24] with respect to Cepero, which factors into the three-step analysis for this excessive-force claim.[25]  So I grant Cepero's motion in part.  Evidence and arguments about the general dangers of police work will not be permitted.  But this

---

[19] *See, e.g.*, *Smith*, 2018 WL 461230, at *3; *Owens*, 2017 WL 1151046, at *5; *Palmer*, 2017 WL 218077, at *12–13.
[20] *Palmer*, 2017 WL 218077, at *12.
[21] *Id.* at *13 (citing *Martinez*, 2016 WL 3538823, at *25).
[22] *Id.*
[23] Fed. R. Evid. 401.
[24] *Palmer*, 2017 WL 218077, at *12 (citations omitted).
[25] *See Miller*, 340 F.3d at 964.

ruling does not bar the defense from addressing relevant risks that Bonkavich has personally experienced.

II. **Cepero hasn't carried his burden to exclude arrests, convictions, or run-ins with law enforcement.**[26]

Cepero also moves to exclude "evidence of prior arrests that did not result in conviction or which occurred more than ten years ago," arguing that this history "is of negligible probative value . . . ."[27] But Cepero does not address the specifics of any of those prior experiences,[28] making it impossible for this court to assess their probative value.[29] The Local Rules require motions in limine to "identify the particular evidence or argument to be excluded," along with "the constitutional, statutory, or regulatory reasons why the evidence is inadmissible or the argument is inappropriate."[30] Cepero's failure to comply with the first part of that rule alone justifies denial of this motion.

The blanket exclusion of such evidence is also unwarranted. As Bonkavich notes, his knowledge of Cepero's history of law-enforcement encounters is highly relevant to the reasonableness of his conduct in this case.[31] Cepero's arrest traversed two apartment units

---

[26] While Cepero refers to "prior arrests and incarcerations" (ECF No. 206 at 1), Bonkavich refers to those in addition to "other violent interactions [Cepero had] with police." ECF No. 211 at 10.

[27] ECF No. 206 at 5. The opening paragraph of this motion states that the plaintiff seeks "to preclude evidence of or argument on prior incarcerations (particularly as to pain and suffering/emotional damages)," *id*. at 1, but the body of the motion does not address this issue.

[28] He attaches a list of some of his criminal history but offers no analysis. *See* ECF No. 206 at 12.

[29] Indeed, it appears that the motion is a template with place-holder blanks that didn't get filled in. *See* ECF No. 206 at 8 ("Plaintiff also moves under Rules 403, 404, and 609 to exclude evidence of his 200- conviction for ---.").

[30] L.R. 16-3(a).

[31] ECF No. 211 at 9.

connected by a hole in the wall, walls, fences, and a ditch, and ended with Cepero barricading himself inside a bathroom.[32] It took gas cannisters and an attack dog to subdue him.[33] The defense's theory is that the amount of force used was necessary not just because of Cepero's extraordinary conduct on the day of the arrest, but because of his rich and storied history of violent and dangerous police encounters.[34] Bonkavich's knowledge of that history at the time of this pursuit will be probative at trial. Cepero's criminal history may also be proper impeachment evidence.[35] Because Cepero has not established an evidentiary basis to exclude any component of his criminal history, I deny this motion without prejudice to Cepero's ability to raise objections at trial or propose an appropriate limiting instruction.

## Conclusion

IT IS THEREFORE ORDERED that Cepero's motion in limine to exclude general argument about the dangers of police duties **[ECF No. 200] is GRANTED IN PART**. **Evidence of, and argument about, the general risks police officers face every day are excluded**.

IT IS FURTHER ORDERED that Cepero's motion in limine to exclude evidence of his criminal history or criminal-justice encounters **[ECF No. 201] is DENIED** without prejudice to Cepero's ability to raise objections at trial or propose an appropriate limiting instruction.

_____
U.S. District Judge Jennifer A. Dorsey
February 14, 2022

---

[32] ECF No. 177 at 1.
[33] *Id.* at 3.
[34] *Id.* at 4.
[35] This is not an admissibility determination as sufficient foundation will need to be laid at trial for this evidence to come in for impeachment purposes.